# SINCELL *v.* DAVIS. ·

---

CAUSE OF ACTION, SPLITTING OF; CHOSE IN ACTION, ASSIGNMENT OF INTEREST IN; RECORD ON APPEAL.

1. While in this District the assignee of a chose in action may sue upon it in his own name subject to the equities existing between the assignor and the debtor, a single cause of action may not be split up into several parts by assignment to several parties without the consent of the debtor.

2. While a creditor may not lawfully split up a single cause of action by assigning different parts of it to different persons, without the consent of the debtor, a judgment against the debtor on one of such assignments will not be reversed by this court where the record on appeal, which does not purport to contain all of the evidence, permits of the inference that the trial court had, or supposed it had, sufficient testimony before it to warrant the conclusion that the assignment to the appellee was made with the consent of the appellant.

No. 1365. Submitted October 12, 1904. Decided November 1, 1904.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon the verdict of a jury in an action of assumpsit.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. George C. Aukam* for the appellant.

*Mr. Julius I. Peyser* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This cause, which is a suit at common law for the recovery of an indebtedness of $225 and interest thereon, was originally instituted before a justice of the peace, and was removed from before him by the appellant, who was the defendant therein, upon writ of certiorari on the ground of concurrent jurisdiction, as authorized by the Code. From the brief record before us it appears that, on June 24, 1901, one Ernest H. Schmidt sold goods to the appellant, Sincell, to the amount of $1,000 in value, of which amount the sum of $500 was paid at the time of sale, and the remainder became due and payable on April 24, 1902, but was not then paid. Difficulties seem to have arisen very soon between Schmidt and Sincell, for on August 8, 1901, which was less than 2 months after the sale, Schmidt instituted a suit in equity in the supreme court of the District, for the purpose, as stated in the record of this case, "to recover from the defendant (Sincell) the $500 balance of the original purchase money for said goods." But this statement of the purpose of such equity suit is evidently erroneous or insufficient, inasmuch as equity has no jurisdiction for any such purpose; unless, indeed, what we cannot suppose, the suit has been instituted in gross violation of all the principles of equity. It is stated in the appellant's brief that this equity suit is still pending; but nothing of the kind appears in the record, and the statement is not admitted by the appellee. It is probably unimportant in any event.

On September 25, 1902, Schmidt assigned to the appellee Darr, who was the plaintiff in the supreme court of the District, and also before the justice of the peace, by instrument of writing the sum of $225 out of the $500, in consideration, as stated in the record, of $1 and other valuable considerations. What these considerations were does not appear; but it is stated in the brief on behalf of the appellee that they consisted of professional services rendered by Darr as attorney to Schmidt.

On the next day, September 26, 1902, Schmidt instituted suit before a justice of the peace on the remaining $275 of the $500. On October 5, 1902, a set-off having been pleaded by Sincell, Schmidt recovered judgment for a balance of $44.80 and costs; and this judgment was satisfied on October 13, 1903.

On September 26, 1902, the same day on which Schmidt instituted his suit against Sincell, Darr instituted his suit against the same defendant before the same justice of the peace on the $225 of the $500 assigned by Schmidt to him; and the two suits therefore appear to have been simultaneously pending. When this suit of Darr against Sincell was removed by the latter to the supreme court of the District does not appear; but it appears to have been tried and verdict rendered on June 11, 1903. At the trial Schmidt was called as a witness for the plaintiff Darr, and upon his examination and cross-examination the facts were adduced which have been heretofore stated.

At the close of the plaintiff's testimony the defendant moved for a verdict in his favor, on the ground that the case as made by the plaintiff was based upon a split cause of action, and on the further ground that the judgment rendered in favor of Schmidt was a bar to a recovery in this suit. But the court overruled the motion. The defendant offered no testimony on his own behalf, and judgment was rendered against him, from which he has appealed, upon exceptions duly noted. The record does not purport to contain all the testimony in the case, or the substance of it; and we are left in the dark as to much upon which light could evidently have been thrown by the parties, and probably was thrown in the court below. The insufficiency is

probably due to the fact that there were no regular pleadings in the case.

Undoubtedly the principal proposition contended for on behalf of the appellant, to the effect that a creditor has no right to split up a single cause of action, either by the institution in his own name of separate suits upon separate fractions thereof, or by the assignment of such several parts to several persons without the knowledge and consent of the debtor, so as to require the latter to respond to different actions and to incur accumulation of costs, is so well founded in law that neither elaboration of argument nor citation of authority is required in support of it. A single cause of action may now be assigned, and, under our Code and under similar provisions of law elsewhere, the assignee may sue upon it in his own name, usually subject to all the equities existing between the assignor and the debtor; but this does not authorize the distribution of a single cause of action into fractional parts, and their assignment to several persons without the consent of the debtor. The difficulty, however, which confronts the appellant in the present appeal is in the application of the principle, in view of the peculiar condition of the record before us, which does not seem to afford the *data* for such application.

It is very evident that we have not before us here all that the court below had. We have not before us the record of the equity suit that has been mentioned; and we are therefore wholly unable to ascertain what effect that suit had, or should have had, in the determination of the present case. We have not before us the record of the judgment that was recovered before the justice of the peace by Schmidt upon his claim for $275 and the appellant's set-off pleaded thereto; and we have therefore no means of determining how far that judgment should have operated as an estoppel upon either of the parties to this cause. It is very plain that that judgment should have been pleaded in bar of this action, if the appellant desired to have the benefit of it, especially as it is quite clear that the appellant had not discharged the whole obligation which he had assumed to Schmidt. Notwithstanding that this cause was originally instituted before a justice

of the peace, and that, as it has been stated to us orally, there were no regular pleadings in it, even after it had been removed to the supreme court of the District, the previous judgment in favor of Schmidt, if it was deemed to operate in bar of this suit, should in some manner have been imported into the present case and made part of the record of it.    Plainly this was not done by the mere mention of that judgment in the testimony of a witness, which is all that we find in the record before us.   Moreover, the bill of exceptions fails to state that the testimony contained in the record was the substance of all the testimony.   For all we know, there may have been other testimony.

Under such conditions, in view of the presumptions that accompany judgments, and in view of the plain inference from the record that the justice who presided in the court below had, or supposed he had, sufficient testimony before him to warrant the conclusion that the appellant had assented to the assignment made by Schmidt to Darr, we cannot here assume the contrary.

While, therefore, fully accepting the correctness in law of the main proposition advanced on behalf of the appellant, we cannot see that we can apply it in the present case in this court, so far as to disturb the judgment rendered in the court below, which had all the facts before it.

The judgment appealed from must therefore be affirmed, with costs.    And it is so ordered.                    *Affirmed.*