[Civ. No. 5335. First Appellate District, Division One.—March 17, 1926.]

## M. J. BRENNAN, Respondent, v. G. WEISSBAUM, Appellant.

[1] JUDGMENTS—MOTION TO SET ASIDE—NONAPPEARANCE OF DEFENDANT AT TRIAL—NOTICE—EVIDENCE.—In an action upon an assigned claim for medical services rendered for defendant, the trial court did not abuse its discretion in denying defendant's motion (made on the ground of surprise and excusable neglect) to set aside a judgment rendered in favor of plaintiff after defendant's failure to appear at the trial (which failure was claimed by defendant to be due to the fact that a settlement had been effected between him and plaintiff's assignor), where defendant's attorney knew that the case had been set for trial, and the only reasonable inference that can be drawn from the fact that plaintiff's attorney repudiated the settlement and so advised a friend of defendant

a day before the trial is that defendant or his attorney was advised of plaintiff attorney's attitude in the matter.

[2] ID.—DEFAULT—DISCRETION—APPEAL.—Applications to set aside default judgments are addressed to the sound discretion of the court; and unless the record on appeal clearly shows that the trial court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed.

[3] ID.—ASSIGNMENT FOR COLLECTION—TITLE TO CLAIM.—In such action, the defendant and his attorney were bound to know that the assignment of a claim, though made for collection only, passes the legal title to the assignee, and after notice thereof the debtor deals with the assignor at his peril.

(1) 34 **C. J.,** p. 429, n. 79.   (2) 4 **C. J.,** p. 840, n. 33; 34 **C. J.,** p. 307, n. 81, p. 365, n. 67, p. 429, n. 79.   (3) 5 **C. J.,** p. 958, n. 89, p. 959, n. 91.

APPEAL from an order of the Superior Court of Alameda County denying motion to set aside a judgment. Fred V. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

James M. Thomas for Appellant.

Charles Quayle for Respondent.

TYLER, P. J.—Appeal from an order denying defendant's motion to set aside a judgment on the ground of surprise and excusable neglect.

The action in which the judgment was obtained was one brought upon an assigned claim of a Dr. Hedley Scudder for medical services rendered, which services were alleged to be of the value of $898.

The action was commenced May 21, 1924, and appellant served and filed his answer thereto on August 14, 1924. The matter was set for hearing and came on regularly for trial on December 10th following. Defendant failed to appear and judgment was rendered against him for the full amount prayed for, together with interest and costs of suit. Thereafter, on December 16th of the same year,

2.   See 14 Cal. Jur. 1072; 15 R. C. L. 720.
3.   See 3 Cal. Jur. 278.

a motion was made to vacate and set aside the judgment upon all the grounds provided for by section 473 of the Code of Civil Procedure.

In support of this motion the attorney for the defendant filed an affidavit stating in substance that prior to December 10, 1924, he had advised his client that the trial of said cause was set for said day and had been informed by him that there was no necessity to prepare for trial as he had arranged with Scudder, the assignor of the claim, to settle the same; that on the day prior to the trial, not having heard from his client as to whether or not a settlement had been made, he called on the clerk of the court where the action was pending to ascertain the condition of the calendar for the following day and was told that the case would be reached; that he thereupon informed said clerk that he had been advised the day before by his client that the litigation would be settled, but that he had not yet heard about it; that he thereupon telephoned to the office of plaintiff's attorney, in the presence of the clerk, to ascertain as to whether or not he had heard whether a settlement had been effected and was informed by a stenographer that plaintiff's attorney was not in; that he thereupon told the clerk of the court that he would take the matter up with respondent's attorney during the day, and advise him; that he thereafter called at the office of opposing counsel twice during the day, but failed to find him; that he left word with his stenographer that he understood that the case was going to be settled, but that he had been unable to ascertain whether the settlement had been effected, and he requested that she ascertain this fact and telephone to him that day; that he received no response to this request, but was informed later in the day by his client that the case had been settled; that upon receiving this information he immediately sent a communication to plaintiff's attorney informing him of the settlement and thereafter dismissed the matter from his mind, concluding that, in view of the settlement, no action would be taken by the court; that on December 13th following he was surprised on being advised by defendant that an execution had been issued and levied upon defendant's bank account; that he immediately asked plaintiff's attorney to set aside the judgment, but that he refused to do so.

Defendant also filed an affidavit in support of the motion to vacate wherein it is recited that some day prior to the tenth day of December, 1924, he had called upon his attorney and had advised him that there was no occasion for him to prepare the case for trial as he intended to settle the same; that thereafter he called upon Scudder, the assignor, and made a settlement with him and was given a letter addressed to the assignee, Brennan Mercantile Agency, informing it that the case had been settled for the sum of $200; that on the ninth day of December, 1924, this letter was taken to the office of plaintiff and was shown to the party in charge; that the letter was also taken to the office of the attorney for the plaintiff and shown to his stenographer, he not being in. In reply to these affidavits, plaintiff's attorney filed his counter-affidavit, which, in substance, recited that he was at all times the attorney of record for plaintiff in said action and was conversant with all of the facts, and was the one instrumental in having the judgment entered as it was. That the action was one for medical services; that the answer filed did not deny the claim on its merits, but simply raised an issue as to the physician's qualifications; that said cause was regularly set for trial on plaintiff's motion on September 10, 1924, the day of trial fixed being December 10th following, of which fact defendant had due and proper notice; that as the day of trial approached defendant sought through his counsel to procure a compromise of the claim, and that on November 10, 1924, he offered affiant the sum of $250 in settlement thereof, which was promptly refused and a demand made in writing for the full amount with interest; that nothing further was heard from defendant or his counsel in the matter until late in the afternoon of December 9, 1924, when a Mr. Meyers, representing himself to be a friend of defendant, called at affiant's office and announced to an attendant that the claim had been settled with Scudder; that Meyers was at that time informed that the settlement would not be recognized, as plaintiff was the owner of the claim; that affiant at once sought Dr. Scudder and learned what had been done; that affiant, on behalf of plaintiff, the assignee, repudiated any settlement and refused to recognize the same as binding and so informed Scudder and insisted that he be present in court the following day

with his books of account. This suggestion was followed, and the judgment was duly given and entered. That on his return to his office, affiant found the letter which the attorney for defendant had mailed him.

[1] Upon the showing made under these affidavits the trial court refused to set aside the judgment. It is here claimed that the action of the court constituted an abuse of its discretion. We do not think so. [2] Applications to set aside default judgments are addressed to the sound discretion of the court. While it has been said that the exercise of this discretion ought to tend in a reasonable degree to bring about a judgment on the merits, this observation by appellate courts has been in the nature of advice to the lower courts, and not for the purpose of compelling them to decide in that mode. Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed. (*Ingrim* v. *Epperson,* 137 Cal. 370 [70 Pac. 165].)

It clearly appears from the affidavits that defendant's attorney knew that the case had been set for trial. It also appears from the affidavit of plaintiff's attorney that he repudiated the settlement and so advised defendant's friend a day before the trial. The only reasonable inference that can be drawn from this fact is that defendant or his attorney was advised of his attitude in the matter. [3] Then, again, they were bound to know that the assignment of a claim, though made for collection only, passes the legal title to the assignee, and after notice thereof the debtor deals with the assignor at his peril. (*In re Kling,* 44 Cal. App. 267 [186 Pac. 152].)

While the case may seem a harsh one from defendant's point of view, he is not entirely without a remedy, as recourse no doubt may be had against respondent's assignor. No abuse of discretion appearing, the ruling of the trial court is affirmed.

Cashin, J., and Knight, J., concurred.