[Civ. No. 3432. Third Appellate District.—March 13, 1928.]

C. E. JOHANNSEN, Respondent, v. T. E. KLIPSTEIN et al., Appellants.

E. F. Brittan and Homer Johnstone for Appellants.

Gallaher, Simpson & Hays and Borton & Petrini for Respondent.

BUCK, J., *pro tem.*—This is an appeal from an order denying defendants' application for relief from their de-

fault, after judgment, in neglecting to prepare and serve their proposed bill of exceptions within the time required by law.

The sole question for decision is whether the trial court abused its discretion in refusing, from the showing made, to find that the neglect involved was, under the circumstances, an excusable neglect.

The notice of entry of judgment was served on defendants' attorneys on November 3, 1925, and there having been no extension of the time, either by order of court or by stipulation, the time to prepare and serve the proposed bill of exceptions was allowed to expire on November 13, 1925, and no attempt to serve such bill was made until December 3, 1925.

There being a number of counsel involved, we will ascertain first who was neglectful in performing some duty devolving upon him under the showing made, and, second, was the neglect in question such an excusable neglect as, upon the showing made, would require the trial court to set aside the default  This was apparently the method of inquiry adopted by our supreme court in the leading case of *Stonesifer* v. *Kilburn*, 94 Cal. 33 [29 Pac. 332].

The defendants, during the trial of the case, had of record four attorneys.  But it appears that of these only one, Mr. Rollin Laird, had been employed to participate actively in the proceedings.  The others were not required or expected to act; and no claim is made that anyone was misled through their inaction.

In the affidavit of attorney Laird the following showing is made:

"That he is one of the attorneys for defendants in the above entitled action, and had charge of the actual defense of said action during the trial of the case.  That upon the rendition of the decision in said action affiant was informed that a substitution of attorneys in said action was to be given and made, and that E. F. Brittan was to be substituted as attorney for the defendants therein.  Affiant was informed by the defendants that said E. F. Brittan would prepare all the necessary papers in said action and take charge of the same after the decision was rendered herein, and therefore all papers in said action were sent to the office of E. F. Brittan after November 3rd, 1925, being the

date upon which notice of entry of judgment was made and filed. That affiant assumed that the substitution of attorneys had been made and that E. F. Brittan was in charge thereof, and for that reason did not prepare a notice of intention to move for new trial, or bill of exceptions in said action, assuming that the said E. F. Brittan would do so. That it was the intention of the defendants to move for a new trial and to appeal for the purpose of determining the legal questions involved in the trial of said action, and affiant assumed by reason of the facts hereinbefore stated that E. F. Brittan would prepare the bill of exceptions to be used on said appeal.''

And further, by the affidavit of attorney Brittan, the following showing is made:

"That on or about the 1st day of November, 1925, affiant was consulted by the defendants T. E. Klipstein and Charles Haberkern in the above entitled matter relative to preparing a bill of exceptions on motion for new trial and to appeal said case to the Supreme Court of the State of California, and informed said defendants that it would be necessary that a substitution of attorneys be obtained from the attorneys representing the defendants in said action. Affiant also talked with Rollin Laird relative to said matter and Laird informed affiant that he was so busily engaged he did not have time to prepare a bill of exceptions or to have anything to do with the case, and desired affiant to be substituted therein for the purpose of taking the matter to the Supreme Court for the purpose of ruling on the same.

"On the 3rd day of November, 1925, affiant was compelled to go to the city of Santa Barbara, California, relative to taking depositions in some matter, and upon his return from Santa Barbara, California, to-wit, on the 5th day of November, 1925, affiant was confined in the San Joaquin Hospital, was compelled to undergo an operation, and that affiant, after leaving said hospital, was confined at home for a period of about two weeks. That during said interval the papers in the above entitled case were brought to the office of said affiant by T. E. Klipstein and placed upon the desk of affiant; and upon affiant's return to the office he did not observe that said papers had been left with him, although he understood an appeal was to be taken, and consequently affiant did not prepare the bill of exceptions in said action

as was expected to be done for the purpose of taking the appeal to the Supreme Court. That on account of the illness of affiant the ten day period of time within which to prepare and serve notice of intention to move for a new trial and prepare the bill of exceptions, expired, and on account thereof affiant has been unable to file the same in this court upon said appeal within the time required by statute."

First, as regards the question of negligence as between attorneys Laird and Brittan, based upon their respective duties after the decision of the case by the trial court on October 30th, and the giving of the notice thereof on November 3d, learned counsel for appellant in their brief vigorously contend: "It is impossible to imagine a state of facts more forcible in their application than were presented on this motion. If that showing is not sufficient to warrant relief from the few days of default in presenting this bill of exceptions, then no sufficient showing can ever be made. In all the many cases that have been decided on this point, there is not one decision yet recorded in this State where the right to the relief sought is so apparent." After making this statement, learned counsel does not find it necessary for the guidance of this court to indicate what "set of facts," or what definite or particular portion thereof, he relies upon to indicate mistake or inadvertence or excusable neglect, nor whose was the inadvertence or mistake or excusable neglect, or whether he relies upon mistake or inadvertence or neglect, and wherein or wherefore or whereby the neglect, if there was neglect, was excusable. He does, however, cite, "for illustration," a number of cases decided in this court, as follows:

" 'Court may relieve a party from his failure to serve bill of exceptions in time where the delay was due to excusable inadvertence of the attorney in misreading a stipulation.' (*Stonesifer* v. *Kilburn,* 94 Cal. 33 [29 Pac. 332].)

" 'Or in entering the last day for serving notice of intention to move for new trial.' (*Haviland* v. *Southern California Edison Co.,* 172 Cal. 601 [158 Pac. 328].)

" 'Or where affidavits filed that bill of exceptions was placed in mail and lost in transit.' (*Long* v. *Long,* 162 Cal. 427 [122 Pac. 1077].)

" 'Or where attorney left instructions to his clerk. to obtain additional time and clerk failed to do so.' (*Sauer* v. *Eagle Bwng. Co.*, 3 Cal. App. 127 [84 Pac. 425].)

" 'Or inadvertent conduct of attorney.' (*Kaltschmidt* v. *Weber*, 145 Cal. 596 [79 Pac. 272].)''

Since he cites these cases "for illustration," it may be that he is relying upon "inadvertence or mistake," on the part of counsel in the case at bar. But, unlike in the cases cited "for illustration," there does not, in this case, appear to be any specific statement of fact or facts showing the tangible existence of any reasonable excuse for the existence of any mistake. Referring to the affidavit of attorney Laird, it appears that he was fully advised of the intention of the defendants to appeal, and since he was the attorney "in charge of the case for defendants," was advised of the running of the time, both on the appeal and the preparation of the bill of exceptions; and further advised of the law of the state which would make it ineffective and abortive for any attorney, except the attorney of record, to take any steps in the matter of such appeal until such other attorney had been substituted. (Sec. 284, Code Civ. Proc.; *McMunn* v. *Lehrke*, 29 Cal. App. 298 [155 Pac. 473]; *McMahon* v. *Thomas*, 114 Cal. 588 [46 Pac. 732]; *Prescott* v. *Salthouse*, 53 Cal. 221; *Starkweather* v. *Eddy*, 196 Cal. 73 [235 Pac. 734].) And, furthermore, he knew that there could be no substitution of attorneys without notice thereof being given to him as attorney of record. Therefore, when·he makes affidavit "that affiant assumed that the substitution of attorneys had been made," he assumed something which the slightest attention on his part, or the slightest effort of memory on his part, or the slightest knowledge of the law on his part would not have permitted him to assume. And it would seem that it was especially within the duty and function of the trial judge closely to scrutinize the affidavits for the purpose of gleaning some reasonable facts which would excuse an attorney of record for his assumption that a substitution of attorneys had been made while he was still the only active responsible attorney of record, and when he was fully advised, as such attorney of record having charge of the case, that none of the steps, either in law or fact, had been taken to accomplish or effect such substitution. The mere fact, of course, that he was informed by

defendants that "E. F. Brittan would prepare all the necessary papers in said action and take charge of the same after the decision was rendered herein," did not, as he well knew, absolve him of his duty to protect his clients until, as a matter of fact and law, attorney Brittan had taken "charge of the same." And there is nothing in his affidavit to indicate that he was mistaken as to the nature, extent or urgency of the duties imposed upon him in the premises. He does not state what fact or circumstances in any way obstructed or prevented him from obtaining such a stipulation from the other side, or such an order from the court as would have protected his clients until attorney Brittan had to his knowledge taken charge of the case, either in actual fact or in the manner required by law. Nor does affiant state that he was of the opinion, at the time he permitted the default, that attorney Brittan could, under the law, take the appeal and sign and present the proposed bill of exceptions. In other words, it does not seem it was an abuse of discretion on the part of the trial court to refuse to find that attorney Laird had any reasonable or sufficient basis, or any basis at all, for a mistake, either as to his own plain duty in the premises or as to any reasonable belief that attorney Brittan had, as a matter of fact, so, or at all, taken charge of the case, as to relieve him from continuing to perform such duty. And, further, as stated in the affidavit of Brittan, even the defendants in the case were informed and advised "that it would be necessary that a substitution of attorneys be obtained from the attorneys representing the defendant in said action." So it would appear that the trial court was not abusing its discretion in refusing to find that the responsible attorney of record, learned in the law, and fully advised as to the facts, was reasonably mistaken either in assuming that Brittan would take charge of the case before there was a substitution, or in assuming that a substitution, as a matter of fact, had taken place, or that there was any substantial showing of reasonable diligence on his part. Further, even in his affidavit upon which he wished the trial court to rely as a showing of diligence, he somewhat ambiguously states that "all papers were sent to the office of E. F. Brittan after November 3rd, 1925," But he does not state how long after, nor how, or by whom sent,

nor to whom delivered, or whether he communicated directly or indirectly with Brittan about having sent the papers. And Brittan says, "he did not observe that said papers had been left with him."

Coming now to the possible suggestion that the failure to present the bill of exceptions or obtain the necessary extension of time therefor was due to neglect on the part of attorney Brittan, in other words, to the failure on his part to perform some duty which he might have assumed toward the defendants: Conceding that by reason of his consultations with the defendants in regard to his prospective services in the case, and in regard to what he said about the necessity of a prospective substitution of attorneys, that he may have assumed some duty in that regard, at least, towards the defendants, and that his failure to perform that duty was a neglect, the vital question would further arise whether sufficient facts are set forth in attorney Brittan's affidavit to show that such an assumed neglect on his part was an excusable neglect.

In his affidavit attorney Brittan states that on the third day of November, when the time for serving the proposed bill began to run, he went to Santa Barbara on business, and on the fifth day of November, upon his return, affiant was confined in the San Joaquin Hospital, and was compelled to undergo an operation, and that affiant, after leaving said hospital, was confined at home for a period of two weeks. It will be noted that the affidavit makes no attempt to indicate how or why his Santa Barbara business prevented his necessary action, nor does he show the extent or severity or nature of his confinement at the hospital, or to what extent the operation which he was compelled to undergo was a sudden or unexpected operation, or how, if at all, it affected his mind, memory or powers of thought or locomotion or action. Furthermore, learned affiant does not state to what extent, if at all, his confinement at home for a period of about two weeks, during which time the default in question occurred, affected him physically or mentally, or prevented him from availing himself of any facilities of communication reasonably at his command, to obviate such default or to do what an ordinarily prudent attorney would have done under the circumstances—assuming, of course,

that he had, as a matter of fact, undertaken to perform any duties in the nature of taking the appeal or serving the bill of exceptions in accordance with the law.

It does not seem that it was an abuse of discretion on the part of the trial court to decline to read into the deposition of the learned affiant facts which would show that either his Santa Barbara business or his operation or confinement at home were of such a serious and urgent nature as to prevent him from protecting his prospective clients against the default, or from preventing him from communicating with the attorney of record or attorneys on the other side in such a way as to obviate the default.

It is true that there were no counter-affidavits filed in the case, but as regards the affidavits that were filed, it was certainly not the duty of the court to give to such affidavits any greater force or effect than was warranted by the court's own fair inferences from the very bare facts somewhat ambiguously stated therein. Furthermore, the court had already fully tried the case upon the merits, and had before him, on this motion, the affiants themselves, who were members of the local bar, and the court had a right to · presume that the affidavits, made as they were by learned counsel, stated the facts in their favor as strongly as possible, and did not omit any facts or circumstances that could have confirmed or given color or vitality to the conclusions which counsel desired the trial judge to draw.

While, therefore, we do not desire in any way to weaken or question the rule "that in case of doubt the court ought to resolve the doubt in favor of the application so that the full merits of the litigation might be presented," nevertheless, the court's discretion to grant the relief should be allowed to be based upon its own fair and reasonable inferences drawn from the showing of actual facts in the particular case before the court. (*Brennan* v. *Weissbaum*, 77 Cal. App. 120 [245 Pac. 1104]; *Startzman* v. *Los Banos Cotton Gins*, 82 Cal. App. 624 [256 Pac. 220].) In the case at bar it would seem that the court, in the exercise of its fair discretion, did reasonably infer that the default in this instance occurred rather through mere gratuitous inadvertence and unwarranted inattention than through excusable neglect.

As stated in 14 California Jurisprudence, at page 1037, sec. 96: "Inadvertence in the abstract is no ground for setting aside a default; the reason for that must be made to appear, and if it is wholly inexcusable, as where it arises from mere neglect, it does not justify relief. While negligence, either of the party or his attorney, may be excusable in proper circumstances, bare negligence is no ground for relief."

The order is affirmed.

Hart, Acting P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

All the Justices concurred.