## COMPTON v. ATWELL.

### No. 1176.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 28, 1952.

Decided Feb. 25, 1952.

Frederick R. Wilson, Washington, D. C., for appellant.

Harry E. Taylor, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Hugh E. Atwell sued Ernest M. Compton for $1070, part of which sum he claimed for a personal debt due him and the remainder for claims assigned to him by three other persons. Compton filed a general denial and apparently, according to the record, did not take the stand in his own behalf. A jury returned a verdict against him for the amount claimed.

Compton has appealed from the judgment which followed and has in his brief presented for review only one question. "Is an assignment valid when made only for the purpose of permitting the assignee to manage the litigation and to act as plaintiff for the real parties in interest?"

He argues that Atwell had no right to maintain the suit on the claims assigned to him because under Municipal Court Rule 17 he was not the real party in interest. But we note that the same rule provides that, " * * * a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought." This plaintiff was "authorized by statute" to sue in his own name. Code, 1940, 28–2503 provides, "All nonnegotiable written agreements for the payment of money * * * all open accounts, debts, and demands of a liquidated character * * * may be assigned in writing, so as to vest in the assignee a right to sue for the same in his own name." Long ago it was recognized that under the Code an assignee has the right to sue in his own name. Sincell v. Davis, 24 App.D.C. 218. In the intervening years there has been no decision to the contrary.[1]

Appellant says the assignment transferred to Atwell only a naked legal title. This contention is seemingly based on the

1. See Koehne v. Harvey, D.C.Mun.App., 45 A.2d 780, where this court ruled that the assignee of a lease had the right to sue for possession in his own name.

testimony that the assignment was made for the purpose of permitting him to act as plaintiff for the assignors, "in order to save Court costs and the additional expense to plaintiff and defendant which would be necessary for each person to sue the defendant in a separate suit \* \* \*." But assuming that Atwell was merely an assignee for collection he would still not be prevented from maintaining the suit in his own name. In Overbury v. Platten, 2 Cir., 108 F.2d 155, 126 A.L.R. 185, certiorari denied, 311 U.S. 664, 61 S.Ct. 21, 85 L.Ed. 426, where a similar statute was involved, Judge Learned Hand wrote than an assignee of the title to a chose in action may sue in his own name though he have no interest in it, citing Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 561, 83 L.Ed. 653. There the Supreme Court, speaking through Justice Stone, held that where an assignment under a New York statute had operated to vest the assignee with title to the claim "\* \* the facts that it was given for the purpose of enabling petitioner to bring the suit, and that he was bound to account to a stranger to the suit for its proceeds, are immaterial, since neither the court nor respondent was prejudiced 'by petitioner's failure to disclose them." The decision went on to say that such an assignee is qualified as "the real party in interest" even though the assignment is for the purpose of suit only and the assignee is obligated to account for the proceeds of the suit to his assignor. To the same effect are Mitchell v. Shoreridge Oil Co., 24 Cal. App.2d 382, 75 P.2d 110, 77 P.2d 221; Brennan v. Weissbaum, 77 Cal.App. 120; 245 P. 1104; Ingle Mfg. Co. v. Scales, 36 Cal.App. 410, 172 P. 169.

■ In this case there was no evidence of fraud or any other circumstance which would seem to raise any question as to plaintiff's legal title to the claim he was asserting. Consequently we have no difficulty in deciding that there was no impediment to his right to maintain the suit in his own name.

■ In the oral argument before us appellant urged that he was improperly re-

fused permission to question the assignors "further about the alleged assignment." The record does not disclose whether this attempted further questioning was on direct or cross-examination. Furthermore the alleged error was not included in the statement of errors filed in the trial court and was not assigned as error in appellant's brief filed in this court. Hence we need not consider it.

We must rule that appellant has failed to discharge his burden of alleging and affirmatively establishing error. Bahlke v. Byram, D.C.Mun.App., 78 A.2d 384. See also James v. Greenberg, D.C.Mun.App., 55 A.2d 727, and cases there cited.

Affirmed.