Filed 9/1/22  Sandhu v. Superior Court CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SUKHDEV S. SANDHU,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES,<br><br>    Respondent;<br><br>TEMPLE HOSPITAL REALTY CORP., INC. et al.,<br><br>    Real Party in Interest. | B316143<br>(Los Angeles County<br>Super. Ct. No.<br>20NWCV00370) |

ORIGINAL PROCEEDINGS in mandate. Olivia Rosales, Judge. Petition denied.

Edward Paul Reyes Law Offices, Edward Paul Reyes, and Neil J. Kantor for Plaintiff and Appellant.

Epps & Coulson, Dawn M. Coulson, and Tamar Terzian for Defendants and Respondents.

\* \* \* \* \* \*

After the trial court sustained a demurrer but granted Sukhdev S. Sandhu (plaintiff) 30 days to file an amended complaint, plaintiff missed that deadline and the trial court dismissed his lawsuit with prejudice. The court subsequently denied a motion by plaintiff to vacate the dismissal order. We do not disturb the trial court's dismissal because we lack jurisdiction over this appeal. Instead, we elect to treat this "appeal" as a petition for a writ of mandate, and deny that petition because plaintiff's challenge to the denial of the motion to vacate lacks merit.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts[1]

In March 2019, Temple Hospital Realty Corp., Inc. and Michael Camras (collectively, defendants) agreed to sell plaintiff a piece of real property. Plaintiff paid defendants the agreed-upon price of $650,000, but the grant deed to the property contained errors and plaintiff was unable to record it. Four

---

[1]     We draw the facts from plaintiff's operative complaint.

2

months later, defendants executed a grant deed on the property to a third party, which the third party successfully recorded.

## II.    Procedural Background

### A.    *Complaint*

In July 2020, plaintiff sued defendants for breach of contract, money had and received, and fraud.[2]  He sought specific performance of the contract or $850,000 in damages (he alleged is the sum of what he had paid defendants for the property and the property's postsale appreciation).

### B.    *Demurrer*

Defendants demurred to the complaint on the ground that it failed to state any valid cause of action.  Plaintiff did not file an opposition, but he did file a declaration two days prior to the hearing on the demurrer.

After hearing argument and taking the matter under submission, the trial court issued an order sustaining defendants' demurrer with leave to amend.  The court's order states no less than four times that plaintiff was granted "30 days leave to amend."

The order sustaining the demurrer with leave to amend was issued on January 22, 2021.

Also on January 22, 2021, the trial court's clerk mailed plaintiff a file-stamped copy of the court's order.

A few days after he received that order from the court, plaintiff also received in the mail a notice of ruling (regarding the January 22, 2021 order) served by defendants.

---

[2]     Plaintiff also named numerous other entities and individuals as defendants, but they are not parties to this appeal (or pertinent to its resolution).

### C. *Dismissal with prejudice*

No amended complaint was ever filed with the trial court.

On March 2, 2021, defendants filed an ex parte application to dismiss plaintiff's complaint with prejudice because plaintiff never availed himself of the leave to amend during the 30-day window granted by the trial court.

In immediate response to the application, plaintiff on the same day filed an "Amended Proof of Service" purporting to show that he had served an amended complaint on defendants on February 28, 2021. Defendants deny ever being served with that complaint. The trial court's docket does not reflect that any amended complaint was ever *filed* with the court.

On March 3, 2021, the court held a hearing on defendant's pending application and granted it orally. The same day, the court issued an order dismissing plaintiff's complaint with prejudice.

On March 4, 2021, defendants served notice of entry of the judgment in their favor.

### D. *Motion to vacate*

On April 29, 2021, plaintiff filed a motion to set aside and vacate the dismissal of his complaint. Plaintiff argued that he was entitled to relief under Code of Civil Procedure section 473, subdivision (b)[3] because he mistakenly interpreted the trial court's ruling on the demurrer as setting a 30-day deadline *from the date defendants served notice of that ruling* (on January 26, 2021), plus five days for mail-service (§ 1013, subd. (a)), which he

---

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

believed meant that the deadline to amend his complaint was March 2, 2021.

After further briefing and a hearing,[4] the trial court issued a ruling on September 16, 2021, denying plaintiff's motion because his "mistake cannot be deemed excusable."

### E. *Notice of appeal*

Plaintiff filed a notice of appeal on October 14, 2021. The notice states that he is appealing from the "Ex Parte Application to Dismiss Plaintiff's Complaint" entered on "03/04/2021."

## DISCUSSION

Plaintiff argues that the trial court erred in denying his motion to vacate its earlier March 4, 2021 dismissal order. Plaintiff's appeal fails because (1) we lack jurisdiction to entertain it, and (2) even considering the merits, the trial court did not err in denying the motion to vacate.

## I. Jurisdiction

Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 (*Hollister*)*; Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583.) If a notice of appeal is defective, the appellate court has no recourse but to dismiss the appeal. (*Hollister*, at p. 674; *Laraway*, at p. 583.) We independently examine our own jurisdiction (*California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 252), and our examination reveals two reasons why we do not have jurisdiction over this appeal.

First, plaintiff's appeal is *untimely* as to the only order or judgment identified in his notice of appeal—namely, the March 4,

---

[4] By this time, plaintiff had retained counsel, who also represent him on appeal.

2021 order dismissing his complaint with prejudice. Plaintiff originally had 60 days from the date he was served with the judgment of dismissal to appeal the court's dismissal of his complaint with prejudice. (Cal. Rules of Court, rule 8.104(a)(1)(B); § 904.1, subd. (a)(1).) However, plaintiff's filing of the motion to vacate extended the deadline to appeal the dismissal to the *earliest* of either (1) 30 days after he was served with the order denying his motion to vacate on September 16, 2021; (2) 90 days after he filed his motion to vacate on April 29, 2021; or (3) 180 days after the entry of judgment on March 4, 2021. (Cal. Rules of Court, rule 8.108(c); *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 108 [motion to vacate under section 473 qualifies for extension]; *Duncan v. Sunset Agricultural Minerals.* (1969) 273 Cal.App.2d 489, 492 [same].) The second option sets the earliest deadline, which means plaintiff had until July 29, 2021, to appeal the dismissal of his complaint. But plaintiff did not file his notice of appeal until October 14, 2021—nearly three months *after* the extended deadline. Because the notice of appeal was filed late, we are constrained to dismiss the appeal. (Cal. Rules of Court, rule 8.104(b); *Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 68.) Plaintiff's sole argument in response—namely, that California Rules of Court, rule 8.60 accords this court "flexibility" to ignore the deadline to appeal—misrepresents that rule because the rule explicitly provides that a court *lacks* the power to relieve a party from a default due to "the failure to file a timely notice of appeal" (Cal. Rules of Court, rule 8.60(d)).

Second, plaintiff's attempt to appeal the trial court's September 16, 2021 order denying his motion to vacate is *defective*. That order is separately appealable (e.g., § 904.1, subd.

6

(a)(2); *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928, fn. 6 (*Austin*)), but plaintiff does not name that order in his notice of appeal. His failure to do so deprives us of jurisdiction to entertain a challenge to that unnamed order. (*Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073 ["'[o]ur jurisdiction on appeal is limited in scope'" to that judgment or order identified in the notice of appeal]; *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 240 [notice of appeal specifying judgment did not perfect appeal from separate appealable order]; see generally, Cal. Rules of Court, rule 8.100(a)(2)) [notice of appeal must "identif[y] the particular judgment or order being appealed"].) While a "notice of appeal must be liberally construed" (Cal. Rules of Court, rule 8.100(a)(2)), that rule of construction does not apply "if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173; *Norman I. Krug Real Estate Investments, Inc v. Praszker* (1990) 220 Cal.App.3d 35, 47 ["The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from . . . one of two separate appealable judgments or orders."].) Thus, we lack jurisdiction to entertain plaintiff's challenges to the trial court's order denying his motion to vacate.

## II.    Merits

Due to these jurisdictional defects, we elect to treat plaintiff's defective appeal as a petition for a writ of mandate and thereby reach the merits. (*Olson v. Cory* (1983) 35 Cal.3d 390, 400.)

**A.** *Governing law*

Section 473, subdivision (b), grants a trial court the discretionary authority to set aside a prior order—including an order dismissing a complaint—if the party moving to set aside that order proves that (1) the order was the product of the party's "mistake, inadvertence, surprise or excusable neglect," and (2) the party's application for relief was filed "within a reasonable time, in no case exceeding six months, after the . . . order [to be set aside] . . .was" entered. (§ 473, subd. (b); *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410 (*Hopkins*) [burden of proof lies with moving party]; *Huh*, *supra*, 158 Cal.App.4th at p. 1423 [same]; *Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 492 [order dismissing complaint may be set aside under section 473, subdivision (b)].) Carrying this threshold burden is a ""'daunting task."'" (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006.) Once carried, however, a trial court has "broad" "discretion" whether to exercise its authority to set aside a prior order. (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 24.) "The general underlying purpose of section 473(b) is to promote the determination of actions on their merits" (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839), so "any doubts in applying section 473 must be resolved in favor of the [moving] party" (*Rogalski v. Nabers Cadillac* (1992) 11 Cal.App.4th 816, 819).

We review a trial court's denial of a section 473, subdivision (b) motion for an abuse of discretion, and review any subsidiary factual findings for substantial evidence. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257-258 (*Zamora*); *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.) In the absence of a clear showing of abuse, the trial court's decision not to

8

exercise its discretion will not be disturbed on appeal. (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.)

### B.    *Analysis*

The trial court did not abuse its discretion in denying plaintiff's motion to set aside the dismissal of his complaint with prejudice because plaintiff failed to meet his threshold burden of establishing that the dismissal was due to a cognizable mistake or excusable neglect.

### 1.    *Mistake*

Within the context of section 473, subdivision (b), a "mistake" includes a "mistake of fact" (that is, "when a person understands the facts to be other than they are") or a "mistake of law" (that is, "when a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts"). (*Baratti v. Baratti* (1952) 109 Cal.App.2d 917, 921.)

Here, plaintiff asserts that his mistake was misreading the trial court's January 22, 2021 order. Although the order repeatedly stated that the court was granting him "30 days leave to amend," plaintiff claims that he mistakenly read the order to grant him "30 days leave to amend *from the date that the opposing party serves him with notice of the court's order.*" Plaintiff's reading of the order is contrary to well-settled law, which makes clear that the clock for any deadlines in a court order starts ticking once the clerk mails the parties a file-endorsed copy of that order together with a certificate of mailing. (See *Eldridge v. Superior Court* (1989) 208 Cal.App.3d 1350, 1352-1353, 1355 [clerk's mailing of file-stamped copy of order triggers period within which party could petition for peremptory writ, rather than the later-served notice by counsel]; *City of*

*Calexico v. Bergeson* (2021) 64 Cal.App.5th 180, 195 [same, regarding trigger for filing notice of appeal]; *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 280 [same].) Plaintiff's reading of the order is also unreasonable as a matter of law. Under his reading, a court's deadline would become a nullity whenever the opposing party fails to serve notice of the order—even if, as happened here, the party seeking relief was served with that order by the court itself. Given the unreasonableness of plaintiff's reading, plaintiff's mistake is not a ground for relief. (See *Toho-Towa Co. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1111 [honest mistake is ground for discretionary relief if legal problem posed is "complex and debatable"]; *Pagarigan v. Aetna U.S. Healthcare of California, Inc.* (2007) 158 Cal.App.4th 38, 44 [statutory deadline to file amended complaint on remand is "'absolutely completely clear'"].)

>          2.      *Excusable neglect*

Within the context of section 473, subdivision (b), "neglect" is "excusable" if a reasonably prudent person under similar circumstances might have made the same error. (*Austin, supra,* 244 Cal.App.4th at p. 929; *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276 (*Bettencourt*).) Here, plaintiff's "neglect" in failing to determine the correct deadline by which to file an amended pleading was not "excusable" because, to put it simply, it is not reasonable to read a court order in an unreasonable way. (See *Zamora, supra,* 28 Cal.4th at p. 258 [excusable neglect does not include errors that could otherwise be termed malpractice]; cf. *Johannsen v. Klipstein* (1928) 90 Cal.App. 106, 109 [""Court may relieve a party from his failure to serve bill of exceptions in time where the delay was due to excusable inadvertence of the attorney in misreading a

10

stipulation."""].)  To otherwise treat those who are ignorant of the procedural rules with lenience under section 473 would "lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation."  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 (*Rappleyea*).)

### 3.    *Plaintiff's arguments*

Plaintiff raises what boils down to five categories of arguments in response.

First, plaintiff argues that relief under section 473, subsection (b), was *mandatory*.  Plaintiff points to the language in this subsection that makes relief mandatory when a party's *attorney* "attest[s] to his or her mistake . . . or neglect" (§ 473, subd. (b)), and argues that this language should apply to him as a self-represented litigant.  Plaintiff is wrong.  It is well settled that the mandatory relief provision applies only to "'an attorney representing a party,'" and not to a "'a party appearing in propria persona.'"  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 428-429.)

Second, plaintiff argues that he is entitled to relief under section 473, subdivision (b), as long as he did not act with the intent to delay or with an improper motive.  For support, he vaguely (that is, without providing any specific citations) refers to precedent in the Eleventh Circuit and the District of Columbia.  Alas, the law in California is different and we are a California court obligated to follow California law.

Third, plaintiff argues that the reasonableness standard does not apply because it is improper to look to "what a prudent person would do under similar circumstances."  Given the prevalence of the "reasonable person" standard across a vast swath of statutory and common law, plaintiff's all-out attack on

11

the reasonable person standard has been resoundingly rejected. More importantly for our purposes here, plaintiff's argument has been rejected by the law interpreting section 473, subdivision (b), because that law hinges relief on whether a reasonably prudent person acting under similar circumstances would have committed the same mistake or neglect. (*Bettencourt, supra*, 42 Cal.3d at p. 276; *Zamora, supra*, 28 Cal.4th at p. 258; *Huh, supra*, 158 Cal.App.4th at p. 1423.)

Fourth, plaintiff argues that his mistake and neglect in failing to file an amended complaint by the deadline should be automatically excused because he was proceeding in propria persona. This is also not the law in California. Under California law, a self-represented litigant is entitled to the same—but no greater—consideration than other litigants, and is held to the same rules as an attorney. (*Rappleyea, supra*, 8 Cal.4th at pp. 984-985.) Harsh as this rule may be for litigants who cannot afford counsel, any alleged ignorance of the law or failure of proper self-representation does not justify relief under section 473. (*Hopkins, supra*, 200 Cal.App.4th at pp. 1413-1414; *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267-1270.)

Finally, plaintiff argues that in ruling on his section 473, subdivision (b) motion, the trial court should have taken into consideration the harsh result of dismissal of his action with prejudice. We reject this argument because the trial court was under no obligation to consider the issue of prejudice until plaintiff met his threshold burden of showing a "mistake,

12

inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) As explained above, he did not.[5]

## DISPOSITION

Having construed plaintiff's jurisdictionally defective appeal as a petition for a writ of mandate, we deny that petition. Defendants are entitled to their costs in these appellate proceedings.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

CHAVEZ

---

[5] To the extent plaintiff is arguing that the trial court erred in dismissing his complaint with prejudice when he failed to timely amend, he also is wrong. If, after the court sustains a demurrer to a complaint, the plaintiff fails to amend the complaint within the time permitted by the court, the court may enter a judgment of dismissal. (§ 581, subd. (f)(2); Cal. Rules of Court, rule 3.1320(h); *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 604, 613-614.) No case has held that such a dismissal may be *without* prejudice. (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 329.)