# McFARLANE v. KIRBY.*

LANDLORD AND TENANT; LEASE, ASSIGNMENT OF.

1. A tenant cannot dispute the title of his landlord, either by setting up a title in himself or a third person during the existence of the tenancy. He cannot change the character of the tenure by his own act merely, as his possession is the possession of the landlord.

2. A tenant who has violated his lease by a failure to pay rent cannot successfully defend a landlord and tenant proceeding brought against him by the assignee of the landlord, by disputing the landlord's title, under a plea of title in himself or another.

3. Where, contemporaneously with the execution of a lease, the lessor agrees in writing to sell the leased premises to the lessee for a specified price, and thereafter the lessee, who fails to pay the full purchase price, agrees to sell the property to a third person, who, finding the legal title is in the lessor, procures a deed from him, which is given with the consent of the lessee's attorney, and at the same time the lessor assigns the lease to such third person, the latter is entitled to recover possession of the property from the lessee for default in payment of the rent reserved thereunder.

No. 1696.   Submitted October 23, 1906.   Decided December 4, 1906.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court in an action to recover possession of leased premises.                                                   *Affirmed.*

*\*Acquisition of Title by Tenant*—The right of a tenant to acquire title not inconsistent with landlord's title at commencement of tenancy is discussed and the authorities presented in a note to *Smith* v. *Newman*, 53 L.R.A. 934, 951.

The COURT in the opinion stated the facts as follows:

This suit commenced in a justice's court of the District of Columbia upon a complaint filed by the appellee, Patrick Kirby, against the appellant, John McFarlane, to recover possession of the premises in controversy under an agreement claimed by the appellee to be a lease. The appellant plead title to said premises in himself and his wife, Mary McFarlane, and, after bond was given, the case was duly certified by the justice to the supreme court of the District of Columbia in accordance with the provisions of the Code. In that court the appellee filed his declaration to recover possession of the house and lot No. 1212 Sixth Street, unlawfully detained by the appellant since July 18, 1905, and in another count the appellee sued for damages for such detention. The case was tried, and under the direction of the court below the jury returned a verdict for the appellee for the possession of said property and $129.50 as intervening rent and damages for the use and occupation of the premises by the appellant from August 7, 1905, to March 7, 1906. From the judgment upon this verdict the defendant below appealed.

The primary action was grounded upon an agreement dated February 18, 1904, whereby Samuel R. Bond let to John McFarlane the premises last mentioned by the month, reckoning from February 18, 1904, for the monthly rent of $18.50, payable in advance. The lease provided that if the lessee failed to pay rent as agreed, or to perform his other undertakings therein, said agreement and all things therein contained should cease and determine and should operate as a notice to quit, the thirty days' notice to quit being thereby expressly waived, and the lessor and his assignee could proceed to recover possession of the premises under the landlord and tenant proceedings provided by the Code.

On June 22, 1905, Samuel R. Bond, in due form, assigned his lease to the appellee Kirby. It appears by the record that the appellee testified that for $2,075 he had purchased the premises from the appellant McFarlane and wife and that the

same had been conveyed to him by these grantors and later by Bond and wife, when the appellee discovered the legal title was in Bond. Neither of these conveyances was in evidence. The appellee demanded rent, and in default of rent on July 22, 1905, demanded possession of the premises. The appellant, to maintain the issue on his part, gave evidence by the witness Bond that, on the day the lease was executed, Bond signed and delivered to McFarlane a writing under seal, in evidence, wherein Bond agreed that in case McFarlane should pay the rent and perform his part under the lease, then he, Bond, upon the payment to him by McFarlane, within six months from February 18, 1904, of $262, would convey to McFarlane the premises leased subject to the deed of trust thereon; and also introduced Bond's written receipt for $200, paid by McFarlane. The receipt was dated April 22, 1904, and acknowledged payment of $200 under Bond's agreement of February 18, 1904, as to conveyance of the premises upon payment by McFarlane of $262, the balance of the same to be paid within the time named in said agreement, with interest. Bond testified that on February 18, 1904, when he purchased the property, it was heavily encumbered, that he purchased it for $262, out of which he was to retain the accrued interest on the lien [the encumbrance] on the property, and taxes, and two months' rent; that McFarlane made no other payment than the one for which Bond gave the receipt, and that from time to time, at McFarlane's request, Bond extended the time of payment of the balance; and, later, at the request of the attorney of McFarlane and of Kirby's attorney, Bond conveyed the property to Kirby, receiving $50, and also assigned the lease to Kirby. The defendant proffered to show by other witnesses who would testify, as had the witness Bond, to matters tending to show that the conveyance to Bond was intended as a mortgage to secure the loan of this $262, and upon the court's refusal to admit such testimony the appellant excepted. The court overruled the motion of appellant's attorney to direct the jury to return a verdict for the defendant, to which the appellant excepted and thereupon the court directed the jury to return a

verdict for the appellee, plaintiff below, for the possession of the demised premises and for the sum of $129.50 as intervening rent and damages, as before stated.

*Mr. Clayton E. Emig* for the appellant.

*Mr. B. F. Leighton* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

The appellant claims that the court below erred in refusing to direct a verdict for the defendant, and in directing a verdict for the plaintiff, and also in directing the jury to find the sum of $129.50 as intervening rent. There was no proof of title in McFarlane or his wife or in a third person, nor of payment of rent by McFarlane after the payment of two months' rent to Bond. The default of McFarlane in performing his undertaking under the lease, and the repeated failure to pay the remainder of the sum, which might have secured a conveyance of the premises by Bond to McFarlane, and the defendant's own proof that in June, 1905, the attorneys of both parties requested Bond to convey the premises to Kirby,—indicated that there was no conditional purchase by appellant, and that both parties to the lease so agreed. This situation disposes of most of appellant's contentions, though it is true that neither the deed to Bond nor the deed to Kirby were introduced to show legal title in either. In this proceeding, however, the lease was in evidence, as was also the assignment thereof to the appellee. The right of entry and of suit for possession of the demised premises had accrued to the appellee as assignee of the lease, and, as we have said, the failure on the part of the appellant to pay, and his consent by his attorney that Bond should convey not to him, but to the appellee, make it unnecessary that we proceed to consider whether, if the appellant had performed, the conveyance to Bond, not offered in evidence in this suit nor directly involved, was a mortgage, and not a deed. In this proceeding the assignee of the lessor pursued his remedy against a tenant

in arrears.    It appeared that the rent due exceeded the sum which the court below instructed the jury to allow.    The appellant had failed to show title in himself or a third person, and did not attempt to show the payment of any rent except the two months' rent paid to Bond.    The appellant had simply remained in possession of the demised premises.    The supreme court has said:    "If the defendant was in possession under a lease from the plaintiff, or from anyone to whose reversion the plaintiff had succeeded, he was not at liberty to controvert the title of the plaintiff or of that reversioner while he remained in possession."    *Lucas* v. *Brooks,* 18 Wall. 436, 451, 21 L. ed. 779, 782.    The familiar principle that a tenant cannot dispute the title of his landlord, either by setting up a title in himself or a third person during the existence of the lease or tenancy, prevents the tenant from violating the very contract by which he holds possession.    He cannot change the character of the tenure by his own act merely, for his possession is the possession of his landlord.    *Willison* v. *Watkins,* 3 Pet. 43, 46, 7 L. ed. 596, 598; *Peyton* v. *Stith,* 5 Pet. 485, 491, 8 L. ed. 200, 202; *Walden* v. *Bodley,* 14 Pet. 156, 161, 10 L. ed. 398, 400.    The landlord and tenant proceeding of the Code does not enable the tenant to violate this familiar rule of law.    The appellant was the lessee of appellee's assignor, was in possession when these proceedings commenced, was in default in payment of rent, and had only remained in possession by virtue of this lease. His claim of a conditional resale to him by his lessor Bond wholly failed.    The learned court below committed no error. This judgment must be *affirmed, with costs, and it is so ordered.*