UNITED MERCHANTS' REALTY & IMPROVEMENT CO. v. ROTH.

(Supreme Court, Appellate Division, First Department.    December 6, 1907.)

1. LANDLORD AND TENANT—OPTION TO TREAT TENANT AS HOLDING OVER.

The option to hold a tenant to a new lease, by reason of his holding over his agreed term, is available only to him who holds to the tenant the conventional relation of landlord, and who is entitled under the lease by which the tenant holds to the reversion of his term.

2. SAME.

The option to hold a tenant to a new lease, by reason of his holding over his agreed term, is unassignable, unless by a conveyance of the reversion, effected only by an overlapping lease or the transfer of the fee.

3. SAME.

Where an owner, after executing a lease to a lessee for a specified term, executed a second lease to a third person for a fixed term, beginning at the expiration of the first lease, the third person could not elect to treat the lessee in the first lease as tenant, by reason of his holding over his agreed term.

4. SAME.

An owner made a lease for a specified term, and subsequently made a lease to a third person for a term to begin at the expiration of the first lease. The lessee before the end of his term requested the third person to allow him to continue to occupy the premises. The third person refused, and informed the lessee that if he should hold over after the term the third person would elect to hold him as tenant for one year from the termination of his lease. The lessee held over after the expiration of his term. *Held*, that though the leases did not of themselves create, as between the lessee and the third person, either privity of estate or contract, the facts established a contract on the part of the lessee to hold for a year, and created the conventional relation of landlord and tenant, authorizing the third person to recover rent from the lessee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 40.]

5. SAME.

A valid lease may be made to begin in futuro.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 217.]

Clarke, J., dissenting in part.

Appeal from Special Term.

Action by the United Merchants' Realty & Improvement Company against Max J. Roth. From an interlocutory judgment (103 N. Y. Supp. 1112), overruling a demurrer to the complaint, defendant appeals. Affirmed in part, and reversed in part.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Mullan, Cobb & Mitchell (George V. Mullan, of counsel), for appellant.

Solomon N. Stroock (Henry L. Moss, on the brief), for respondent.

SCOTT, J.    The defendant appeals from an interlocutory judgment overruling its demurrer to the complaint.

The plaintiff seeks to recover rent for certain premises in the city of New York for the months of May, June, July, August, and September, 1906.    As to each month the complaint is drawn in two counts,

one alleging a tenancy by hold over, and the other alleging an express contract of hiring. The facts upon which plaintiff bases his claim are that on or about April 6, 1904, Henry Gerken, then the owner of the building, leased to the defendant Roth the first and second floors and basement of said building for the term of two years from May 1, 1904, at the yearly rent of $2,800 payable monthly in advance. Defendant went into possession of the premises under a lease. Afterwards Gerken leased to plaintiff the same premises for a period of five years beginning May 1, 1906. It thus appears that Gerken leased the premises to defendant until May 1, 1906, and to plaintiff for a term beginning on that date, and that plaintiff and defendant thus acquired successive leases of the same premises. Defendant was under an obligation to quit and surrender the premises on May 1, 1906, and plaintiff was entitled to take possession thereof on the same day. The defendant did not quit and surrender the premises on the day his lease expired, but remained in possession after that date. By the first five causes of action stated in the complaint, plaintiff attempts to hold defendant as a hold over, alleging that "the said defendant continued and remained in possession and occupancy of the said premises without the consent of the plaintiff, and the plaintiff thereupon duly elected to hold the defendant as tenant of the said premises for another year, commencing the 1st day of May, 1906; and upon the same terms and at the same rent payable as was in and by said lease provided, of all of which defendant had due and timely notice." It is quite clear that the relation of landlord and tenant was not established between plaintiff and defendant by the execution by the owner of a lease to plaintiff for a term commencing on the expiration of defendant's term. Under that lease the sole right acquired by plaintiff as against defendant was to maintain ejectment, or perhaps summary proceedings, to obtain possession of the demised premises. As between plaintiff and defendant neither privity of estate nor privity of contract was established by Gerken's lease to plaintiff. It is well settled that the option to hold a tenant to a new lease by reason of his having held over his agreed term is one available only to him who holds to the tenant the conventional relation of landlord and who is entitled, under the lease by which the tenant holds, to the reversion of his term. This right or option is by its very nature unassignable, unless by a conveyance of the reversion. The lease from Gerken to plaintiff did not convey the reversion of defendant's term, but a new term beginning on the expiration of the former one. A conveyance of the reversion of defendant's term could be effected only by an overlapping lease, or the transfer of the fee. The plaintiff's allegation, therefore, in each of his first five causes of action that Gerken assigned to him from and after May 1, 1906 (the date of its expiration), "the said lease and all his rights in and to the same," must be disregarded as an attempt to plead a legal result that could not have followed from the execution of a lease for a term commencing on May 1, 1906. As to the first five causes of action, therefore, by which it is attempted to plead a technical hold over, the demurrer was well taken and should be sustained.

The remaining causes of action rest upon a different foundation. In each of them, after alleging the ownership of Gerken, the lease to defendant, and the subsequent lease to plaintiff, the pleader proceeds as follows:

"That before the 1st day of May, 1906, defendant requested plaintiff herein to permit and allow him to continue to occupy and use said premises on and after May 1, 1906, the time at which his said lease of the premises expired, but plaintiff refused to so consent, and informed the defendant that plaintiff would not permit or allow him to continue to use and occupy said premises on and after May 1, 1906, and further informed him that if he, defendant, should continue to use or occupy said premises on and after May 1, 1906, or should remain over his term, which expired May 1, 1906, that plaintiff herein would elect to hold him as a tenant of said premises for one year from May 1, 1906, and would consider, interpret, and regard his remaining over after May 1, 1906, and the continued use and occupancy of said premises by defendant on and after May 1, 1906, as a consent, agreement, and contract on the part of said defendant to occupy and lease said premises from plaintiff for one year from May 1, 1906, upon the same terms and at the same rent per annum as was in and by said lease between defendant and said Gerken provided for."

These facts are sufficient to establish a contract upon the part of defendant to hold the premises as tenant for the term and at the rent specified. Despard v. Walbridge, 15 N. Y. 374; Coit v. Planer, 51 N. Y. 647; Preston v. Hawley, 139 N. Y. 296, 34 N. E. 906. The defendant insists that a claim for rent under such a state of facts can only arise when the conventional relation of landlord and tenant is shown to exist. If by this is meant that the relation must have existed before the notice of intention to hold the tenant is given, the contention cannot be upheld. It is undoubtedly true that the leases for successive terms by the owner to defendant and plaintiff did not of themselves create, as between them, either privity of estate or privity of contract, nor did the lease to plaintiff convey to it the reversion of defendant's term. But the lease to plaintiff did convey to it the absolute right to the use and enjoyment of the premises after May 1, 1906, and the defendant's right to use and enjoy them ended on that day. So far as the right to possession on and after that day was concerned, the plaintiff stood in the owner's shoes. Under such circumstances any transaction between the parties which indicates that the outgoing tenant's continued occupancy after the expiration of his term followed upon an express or implied agreement to hold as tenant of the incoming lessee will serve as the foundation of a claim for rent for the use and occupancy of the premises. Such agreement, whether express or implied, establishes the conventional relation of landlord and tenant as to the new term; for as was said in Collyer v. Collyer, 113 N. Y. 442, 448, 21 N. E. 114, 116, "the possession and beneficial enjoyment of real property with the permission of the owner is ordinarily sufficient to sustain an action upon an implied agreement for use and occupation." The point is well illustrated by the case of Preston v. Hawley, which went twice to the Court of Appeals. On the first appeal plaintiff simply proved that he had acquired title to the premises from defendant, that defendant remained in possession of the premises, and that plaintiff frequently demanded rent for the use and occupation of the premises which defendant refused to

pay. Plaintiff relied solely upon his ownership and right of possession and the continued use and occupation by defendant, and proved nothing from which an agreement to pay rent could be inferred. It was held that the relation of landlord and tenant had not been created by the facts then shown; that plaintiff was not entitled to a recovery as for rent, but only to his action for ejectment with an accounting for mesne profits. 101 N. Y. 586, 5 N. E. 770. Upon the second appeal, in addition to the foregoing facts, the plaintiff showed that after the sale defendant requested that he might be permitted to continue in use and occupancy of the premises; that, while no specific agreement was made to that effect, or rent agreed upon, he did in fact continue in occupation; and that when rent was demanded he never repudiated his obligation to pay rent, merely objecting to the amount demanded. It was held that these facts were sufficient to establish a contract to occupy the premises as tenant and to pay rent therefor, and that that contract created the conventional relation of landlord and tenant necessary to maintain an action for use and occupation. 139 N. Y. 296, 34 N. E. 906. The present case should be considered, so far as concerns the last five counts in the complaint, without regard to the lease from Gerken to defendant, for that lease adds nothing to the rights either of plaintiff or defendant. The plaintiff succeeded to none of the landlord's rights under it, and the defendant acquired no right under it to hold over his term.

The whole question turns upon the plaintiff's right to possession of the premises on and after May 1, 1906, the defendant's request that he be allowed to remain in possession after that date, and the reply thereto by plaintiff followed by the fact that defendant did remain. It is perfectly well settled, of course, that a valid lease may be made to begin in futuro. Consequently Gerken's lease to plaintiff was valid and entitled plaintiff to the term to begin on May 1, 1906. It was also competent for plaintiff and defendant to agree for a lease to begin on May 1, 1906, when defendant's right to possession under his lease from Gerken would terminate and plaintiff's right to possession would accrue. The last five counts in the complaint set forth such a contract, and under it the relation of landlord and tenant was established between plaintiff and defendant from and after May 1, 1906. As to the last five counts in the complaint the demurrer was therefore rightly overruled.

The judgment appealed from will therefore be reversed as to the first, second, third, fourth, and fifth causes of action set forth in the complaint, and the demurrer sustained as to them, and the judgment will be affirmed as to the sixth, seventh, eighth, ninth, and tenth causes of action, without costs in this court, with leave to defendant to withdraw his demurrer to said last causes of action, and to answer as to them within 20 days upon payment of the costs awarded in the court below. All concur, except CLARKE, J., who dissents in part.