# DEGGE *v.* BAXTER.

---

FOREIGN JUDGMENT; COLLATERAL ATTACK.

In an action on a foreign judgment, technical objections by the defendant attacking the validity of the judgment will not be considered, where the court rendering it is shown to have had jurisdiction.

No. 2542.  Submitted November 3, 1913.  Decided December 1, 1913.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action upon a foreign judgment.                    *Affirmed.*

The Court in the opinion stated the facts as follows:

This is an action in debt upon a foreign judgment recovered against William W. Degge, appellant, defendant below, on March 31, 1897, in the court of law and chancery of the city of Norfolk, State of Virginia.

Defendant pleaded *nul tiel record,* assailing the original judg-
ment chiefly upon the grounds that the process was defective,
and that he was not legally served with any process in the case.
It appears that summons was duly issued as required by the
laws of Virginia, and returned with the following indorsement:

Executed this 18th day of January, A. D. 1897, by serving
a copy hereof on Nellie A. Degge. Not finding W. W. Degge
at his usual place of abode this, the 18th day of January, 1897,
I served a copy hereof on Nellie A. Degge, his wife, she being
there, and a member of his family over the age of sixteen years,
and gave information of its purport to her.

John F. Lawler,
By W. A. Thompson, Dep'y.

*Mr. A. Leftwich Sinclair* for the appellant.

*Mr. Jackson H. Ralston* and *Mr. William E. Richardson* for
the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The service appears to have been made in strict compliance
with the provisions of sec. 3207 of the statutes of Virginia,
which is entitled: "Mode of Serving Notice; Evidence of
Service." It reads as follows: "A notice, no particular mode
of serving which is prescribed, may be served by delivering a
copy thereof in writing to the party in person; or, if he be not
found at his usual place of abode, by delivering such copy and
giving information of its purport to his wife, or any person
found there who is a member of his family, and above the age
of sixteen years; or, if neither he nor his wife, nor any such
person be found there, by leaving such copy posted at the front
door of said place of abode."

This service was sufficient to give the Virginia court jurisdic-
tion of defendant. Jurisdiction being established, we will not
stop to inquire into the numerous technical objections inter-

posed to the validity of the Virginia judgment. If meritorious, they should have been presented there. The courts here will not consider matters collaterally attacking a foreign judgment. Defendant's contentions are without merit as affecting the jurisdiction of the Virginia court. The judgment is affirmed, with costs.                          *Affirmed.*