## COMMERCIAL CREDIT CO. v. CAMPBELL et al.

### No. 6178.

United States Court of Appeals for the District of Columbia.

Argued Oct. 3, 1934.

Decided Nov. 5, 1934.

Rehearing Denied Dec. 14, 1934.

Arthur J. Hilland, of Washington, D. C., for appellant.

Alfred M. Schwartz, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Claire B. Campbell was the record owner of the premises known as 1515 Fourteenth Street Northwest, Washington, D. C. On July 28, 1931, she executed a lease of the premises to Olds Motor Works, which in turn assigned it to Buick-Olds-Pontiac Sales Company. The rent reserved was $9,650 annually, payable in monthly installments of $804.17, and the lease expired November 30, 1933.

At the time of the execution of the lease, Mrs. Campbell was indebted to Bankers' Consolidated Corporation of Washington, and to pay that indebtedness she caused to be included in the covenants of the lease a clause whereby the tenant agreed to pay the installments of rent directly to that corporation. Subsequently, and in September, 1931, Mrs. Campbell executed under seal a formal assignment of the rent to Bankers' Consolidated Corporation, which was accepted by the tenant, and the rent installments thereafter were paid directly to that corporation. Neither the lease nor the assignment was recorded. On April 20, 1932, appellant, without notice of the assignment, recovered judgment against Mrs. Campbell for a debt amounting to approximately $1,090, and on August 9, 1933, caused a writ of garnishment to issue against the tenant. At the time of service of the garnishment, the rent for August, though due and payable as of August 1st, had not then been paid. On this state of facts the court below held that Consolidated Corporation and/or The Munsey Trust Company were entitled under the assignment to the August installment of rent, and entered judgment upon that finding.

Appellant claims that the unrecorded rent assignment was ineffective and inoperative against its rights, in view of D. C. Code 1924, § 499 (D. C. Code 1929, T. 25, § 171) which reads as follows: "Any deed conveying real property in the District, or interest therein, * * * shall be held to take effect from the date of the delivery thereof, except that as to creditors and subsequent bona fide purchasers and mortgagees without notice of said deed, and others interested in said property, it shall only take effect from the time of its delivery to the recorder of deeds for record." The basis of appellant's claim is that, when the assignment was executed, the rent had not accrued, and that unaccrued rents are not personal property, but incorporeal hereditaments, and, if transferred or assigned apart from the land, the provisions of the statute in relation to sales of land apply. In our view the contention is unsound. An assignment of rents is not a transfer of an estate in the land, for the owner may transfer the rents and still retain his entire interest in the land. Of course, a conveyance of the land will ordinarily carry the rents, but, on the other hand, an assignment of rents does not pass title to the land. Whatever, therefore, may have been the ancient common-law doctrine, or what might be held in the case of a lease for a long term—for instance, for one hundred years—we think it perfectly clear that, in the case of a lease for a short period of time, an assignment of rent to become due under it is a transfer of personal property and is not within the terms of the statute. On that ground we would have to affirm.

Here there is an additional reason for affirming. As we have said, the installment of rent which appellant seeks to reach by garnishment accrued and was payable on August 1st. The fact that it was not then paid is of no consequence, as all right to it passed to the assignee—if not sooner, at least as of August 1st—and the assignee could then have prosecuted an action in its own name to recover it. The effect of the assignment, as between the assignor and the assignee, was, in any case, to pass title completely to the latter to each installment of rent as it accrued. Therefore at the time of service of the garnishment there was no estate or money of the judgment debtor in the hands of the garnishee; and, since the attachment could only be levied upon her moneys or credits, it is obvious there was nothing here to which it could attach.

Affirmed.