**SUYDAM v. AMELI et al.**

**No. 347.**

Municipal Court of Appeals for the
District of Columbia.

Argued March 18, 1946.

Decided May 2, 1946.

Stanley Suydam, of Washington, D. C.
(Arthur D. Condon, of Washington, D. C.,
on the brief), for appellant.

James A. Cosgrove, of Washington, D.
C., for appellees.

Before CAYTON, Chief Judge, and
HOOD, Associate Judge.

CAYTON, Chief Judge.

Suit was brought in the trial court for
$732.24, the balance claimed to be due on a
judgment of $1093.09, with interest,[1] ob-
tained against defendant on October 17,
1940 in the Municipal Court of the City of
New York. In his answer to the complaint
in this case, defendant denied that he was
indebted to plaintiffs and claimed that
plaintiffs were indebted to him in the sum
of $500; that certain evidence and wit-
nesses not available to him in the New
York jurisdiction prevented him from
establishing the facts of the case there and
that he had a valid defense to the claim of
the plaintiffs which if then available would
have required the entry of judgment in his
favor; that since the filing of the suit in
the District of Columbia "certain evidence
and certain witnesses are or may now be
available to him in this jurisdiction to re-
fute and repel the claims of the plaintiffs"
and to support his counterclaim; that such
evidence and witnesses were not available
to him in New York and if they had been
he would have prevailed in that jurisdic-
tion. He invoked the equity jurisdiction of
the local court to "restrain and repel" the
entering of judgment against him.

Attacking the sufficiency of the answer
and claiming that no defense had been al-
leged and no genuine issue presented as to
any material fact, plaintiffs moved for sum-
mary judgment which was granted. De-
fendant appeals.

He concedes that the New York court
had jurisdiction, that the judgment was not
procured by fraud, and that it is too late to

---

[1] Defendant voluntarily paid $500 on account of the judgment, on December 1, 1942.

move to vacate the judgment. He also concedes that the local courts have no power to set aside the New York judgment. But he contends that the New York judgment was "erroneously" entered and that the result was a "mistake." What the mistake was he does not indicate, but simply claims that if he had a second opportunity he could have brought about a different result in the New York court.

This does not constitute a basis for refusing to enforce a judgment obtained in a foreign jurisdiction. Quite recently, the Supreme Court held that whatever mistakes of law may underlie a judgment, where the jurisdiction to render the judgment has been established, the full faith and credit clause precludes any inquiry into the merits of the cause, the logic or consistency of the decision, or the validity of the legal principles upon which the judgment is based. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357. In the case before us, appellant is not contending that there was any mistake of law or that the case was decided upon an erroneous principle. Thus the position he takes has even less merit than that which was rejected by the Supreme Court.

■ In this jurisdiction the law is quite plain that errors and mistakes of law which may subject the judgment to impeachment by a direct attack do not necessarily render it subject to collateral attack even where the record shows error in the exercise of power, as distinguished from a complete want of power. Fishel v. Kite, 69 App.D.C. 360, 101 F.2d 685, certiorari denied 306 U.S. 656, 59 S.Ct. 645, 83 L.Ed. 1054.

■ Here, as we have said, defendant makes no claim that the New York court was without jurisdiction and does not even suggest that the judgment was void. That being so, and he having so clearly disavowed any claim of fraud, he has run clearly athwart the barrier of the full faith and credit clause, Const.U.S. art. 4, § 1; and to overcome it he has offered nothing that we can see, upon which he might base a valid defense.

Earnestly though he argues that if given another chance he would now be able to prove a defense, he has never yet told the trial court or this court what that defense would be. Therefore we cannot escape the conclusion that he is challenging the New York judgment on grounds that he should have raised in the New York courts and which he concedes it is now too late to raise there; and that he is attempting to defeat the enforcement of a judgment on grounds never recognized under the old and well established application of the constitutional provisions for full faith and credit. His effort must fail. Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365, 53 A.L.R. 1141; Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413; Richmond & D. Railroad Company v. Gorman, 7 App.D.C. 91; Degge v. Baxter, 41 App.D.C. 169; Fidelity Storage Co. v. Urice, 56 App.D.C. 202, 12 F.2d 143.

■ Appellant makes the broad contention that the trial court should have exercised its equity powers "in order to prevent an injustice." Even in the exercise of its equitable powers [2] it is clear that the Municipal Court had no right to entertain a collateral attack on the judgment or to award defendant a retrial of his case. Fidelity Storage Co. v. Urice, supra.

■ The courts of the District of Columbia are bound equally with the courts of the states to observe the command of the full faith and credit clause. Loughran v. Loughran, 292 U.S. 216, 54 S.Ct. 684, 78 L.Ed. 1219.

The judgment of the trial court was correct and will be

Affirmed.

---

[2] Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697; Rowe v. Nolan Finance Co., 79 U.S.App.D.C. 35, 142 F.2d 93.