**COMPTON v. ATWELL.**

**No. 11338.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 21, 1952.

Decided Sept. 4, 1953.

Mr. Frederick R. Wilson, Washington, D. C., for appellant.

Mr. Harry E. Taylor, Jr., Washington, D. C., for appellee.

Before CLARK, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

This case originated in the Municipal Court for the District of Columbia and comes to us on appeal from the judgment of the Municipal Court of Appeals. The facts are these: William G. Herbert, Henry Farrar and Harry A. Sterling were creditors of Ernest N. Compton, each having lent him small sums of money at various times. On March 2, 1951, they made separate written assignments of their unrelated claims to Hugh E. Atwell, to whom Compton was also indebted.

Although the assignments were absolute and unconditional in form, they were admittedly made for the sole purpose of enabling Atwell to act as plaintiff for the other three creditors as well as for himself in filing in the Municipal Court a single suit on all four claims. The object was to avoid the larger court costs and other expenses which would have been incurred in four separate suits. Implicit in the arrangement was Atwell's agreement to account to the three assignors for their proportionate parts of the sum collected through the suit.

Compton's motion for a directed verdict as to the three assigned claims, based on the theory that Atwell was not the real party in interest with respect to them under Rule 17(a) of the Municipal Court Rules, was denied. The court told the jury the assignments were lawful and valid, whereupon a verdict was returned against Compton for the aggregate of the four claims. The Municipal Court of Appeals affirmed. Compton v. Atwell, 1952, 86 A.2d 623.

At common law, non-negotiable choses in action such as those involved here were not assignable, but they have been made so in this jurisdiction by § 28–2503,

D.C.Code (1951), which provides that such choses "may be assigned in writing, so as to vest in the assignee a right to sue for the same in his own name." Municipal Court Rule 17(a) [1] is as follows:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought."

Had the written assignments in this case stood alone, we should have no difficulty in deciding Atwell was entitled to sue in his own name, by virtue of the quoted Code provision read in connection with the real party in interest rule, for the reason that the assignments are unconditional in form. They purport to transfer to Atwell full and complete title to the choses. Consequently, had there been no collateral agreement, the unqualified assignments would have made Atwell the actual owner of the claims,—the owner of the legal title and all beneficial interest, to the exclusion of his assignors. He then would have been in truth the real party in interest, authorized by Rule 17(a) to sue in his own name.

 But the written assignments do not stand alone. As we have said, Atwell testified they were made for the purpose of permitting him to act as plaintiff for the assignors,

"* * * in order to save court costs and the additional expense to plaintiff and defendant which would be necessary for each person to sue the defendant in a separate suit * * *."

This testimony concerning the contemporaneous oral agreement was properly received, as the parol evidence rule does not forbid inquiry into the object of the parties in executing and receiving a written instrument. Peugh v. Davis, 1877, 96 U.S. 332, 24 L.Ed. 775; Murray v. Gadsden, 1952, 91 U.S.App.D.C. 38, 197 F.2d 194. "It is competent to show by parol what the transaction was," said the Supreme Court in Brick v. Brick, 1878, 98 U.S. 514, 516, 25 L.Ed. 256, adding that "the principle applies when the instrument purports to transfer personal property," just as it does to a purported conveyance of real estate.

Thus the apparently absolute assignments were made for the purpose of suit only, and gave Atwell nothing but naked legal title, without any beneficial interest whatever. He obtained a colorable title, but had and has no real, genuine interest in the assigned choses.

The question is, therefore, whether one to whom a non-negotiable chose in action has been assigned, upon his agreement to sue thereon in behalf of his assignor and to account to him for the proceeds, is permitted by Rule 17(a) to sue thereon in his own name.

This question, often loosely stated as being whether an assignee for collection only is the real party in interest (without reference to the exceptions in the Rule), has produced a variance of judicial opinion. A number of state courts, which have been followed by certain text writers, hold such an assignee to be the real party in interest. A smaller number reject that notion because they construe the term "real party in interest" as meaning the person who has a real interest in the avails of the chose—something more than bare legal title without beneficial interest. Federal courts should, and generally do, follow the view of the courts of the states in which they sit,[2] al-

---

1. This rule is identical with Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., except that the federal rule contains at the end an additional clause which is of no interest here.

2. E.g. Overbury v. Platten, 1939, 108 F. 2d 155, at page 156, 126 A.L.R. 185, where the Second Circuit said:

"* * * It is settled beyond cavil in New York that an assignee of the 'title' to a chose in action may sue in his own name, though he have no beneficial interest in it."

though they do not always say they are doing so; and the Supreme Court has gone no further than to recognize that a divergence of opinion exists among the states. Titus v. Wallick, 1939, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653.

The question whether an assignee for collection only is the real party in interest, which has so divided other courts, is one with which we have not heretofore had occasion to deal directly, and there is no binding precedent to dictate our decision concerning it. It is not necessary, however, for us to consider the problem now because the result in this case would be the same no matter which of the two opposing views we should decide to adopt. For, if the assignments to Atwell, conditioned as they were, made him the real party in interest, he was of course entitled to sue in his own name as we have said. On the other hand, if the conditional assignments did not make him the real party in interest, Atwell was nevertheless the proper plaintiff because he falls within the last of the six exceptions to the real party in interest requirement which are enumerated in Rule 17(a).

That is so because (a) the exception says "a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought"; (b) the District Code provision authorizes one to whom a chose is assigned in writing "to sue for the same in his own name"; (c) therefore, Atwell was "authorized by statute," and is within Rule 17(a) even if he is not the real party in interest. The fact that these assignments were made only to enable Atwell to sue for his assignors is the feature which brings him within the language of the sixth exception, which contemplates a situation where the plaintiff brings an action for the benefit of another.

The appellant relies heavily upon Heiskell v. Mozie, 1936, 65 App.D.C. 255, 82 F.2d 861, as requiring a conclusion in this case contrary to that which we have expressed above. The facts there were unlike those before us now and the court dealt with a different question. Heiskell, the rental agent for the owner of certain real estate, rented it to Mozie and executed the lease in his own name. Later he instituted in his own name and personally prosecuted in the Municipal Court, although he was not an attorney, a landlord and tenant proceeding to recover possession from Mozie because of alleged default in the payment of rent. Heiskell was held in contempt for violating a rule of court which prohibited all persons except attorneys from appearing in a representative capacity in any cause.

The opinion of this court affirming the conviction, written by our distinguished retired Chief Justice, D. Lawrence Groner, contains (65 App.D.C. at page 257, 82 F.2d at page 863) the following language which Compton urges in support of his contention that Atwell is not the real party in interest:

> " * * * It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee—not an attorney—to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose; and this, for the reason that such an assignment would transfer only the naked legal title or, perhaps more accurately, no more than an agency—a power without an interest;—and in such case there would be lacking that element of personal interest which alone permits the management of an action at law in a court by some one other than an attorney at law."

Judge Groner's opinion also contains on the same page this expression of opinion:

> " * * * If, without present interest, he could personally institute and conduct this proceeding, by like token, claims collection agencies, by the mere transfer to themselves for the time being of the rights of the owner, could likewise institute and

conduct an action or proceeding in any court to recover on the claims; and this, we think, cannot and ought not to be admitted."

While the sentence just quoted was used by way of illustration and was not necessary to the Heiskell decision, we respect it as being the statement of what Judge Groner and his four colleagues regarded as an undesirable and unwise practice. But the sixth exception to Rule 17(a), which was not in effect when the Heiskell opinion was written, seems to permit it in circumstances such as presented here.

Affirmed.