**Virginia JACOBSEN, Assignee of Samuel Gordon, Appellant,**

**v.**

**John S. JACOBSEN, Appellee.**

**No. 1544.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 20, 1954.

Decided Oct. 20, 1954.

Marvin E. Perlis, Washington, D. C., with whom John A. Patalano, Washington, D. C., was on the brief, for appellant.

John James Bernard, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

In August 1952 in the Circuit Court for Montgomery County, Maryland, plaintiff filed a suit for divorce, and paid her attorney a fee with the understanding that he would reimburse her if the court should allow attorney's fees in her favor. A decree of divorce was granted to plaintiff, and it provided that the defendant hus-

band should pay her attorney $200 as counsel fees. The attorney thereafter assigned his interest in the judgment to the plaintiff, and, when the amount was not paid, she filed suit therefor as assignee of the attorney.

At trial the defendant did not question the amount of the award for attorney's fees and admitted that the judgment had not been paid. His defense was based on two grounds: first, that the separation agreement entered into by the parties prior to the divorce action and incorporated into the decree precluded the plaintiff from asking for any further attorney's fees unless it became necessary for her to file suit for the maintenance of their minor children; second, that inasmuch as the attorney had been paid by the plaintiff before the decree of divorce was issued, he had no right or interest to assign to the plaintiff.

 The record before us is very meager as to what actually took place in the trial court. It does reflect, however, that the court adopted the defendant's contentions and ruled in his favor. This ruling in effect challenges the correctness of a foreign judgment. It is well settled that judgments rendered by a court of competent jurisdiction in a foreign state are not subject to collateral attack when sued upon in the District of Columbia.[1] Something more than mere error in construing the facts or the law must be shown to divest a judgment of its force and effectiveness. Even though such a judgment may be subject to impeachment by direct attack in the state in which it was rendered, it is not necessarily subject to a collateral attack in

another jurisdiction on those same grounds.[2] Therefore, it was incumbent upon the trial judge to give full faith and credit to the Maryland judgment under Article 4, Section 1 of the Constitution.

No contention is made that the Maryland court lacked jurisdiction over the parties or over the subject matter. Nor is it contended that the judgment was procured by fraud. His only attack on the judgment is that it was in conflict with the terms of the separation agreement. Even if this were so, and it is a mere conclusion on his part, the judgment was competently rendered and no direct attack was made on it in Maryland by appeal or otherwise. Thus the judgment is not subject to this form of attack in the District of Columbia. The award of attorney's fees is just as much a part of the Maryland decree as the granting of the divorce and just as immune from attack.

 Nor are we able to accept the defendant's argument as to the assignment of the attorney's fee. Plaintiff's attorney was awarded $200 by the decree of the Circuit Court. Such rights or interests are assignable in this jurisdiction, and suit may be brought in the name of the assignee.[3] We cannot see why the fact that the attorney was paid in advance by the plaintiff should deprive him of his right to the $200 awarded him by the court. Nor can we perceive any reason for his not being able to assign his interest to the plaintiff. Having been assigned this interest by her attorney, plaintiff had a right to enforce it.

Reversed with instructions to enter judgment for plaintiff.

1. Suydam v. Ameli, D.C.Mun.App., 46 A. 2d 763.

2. Fishel v. Kite, 69 App.D.C. 360, 101 F.2d 685, certiorari denied 306 U.S. 656, 59 S.Ct. 645, 83 L.Ed. 1054.

3. Compton v. Atwell, D.C.Mun.App., 86 A.2d 623, affirmed 93 U.S.App.D.C. 99, 207 F.2d 139.