GULF MOTORS, Inc. and Max Dubin,
Appellants,

v.

Coral L. FENNER and Virginia Q. Fenner,
Appellees.

No. 1628.

Municipal Court of Appeals for the
District of Columbia.

Argued April 26, 1955.

Decided May 24, 1955.

Louis Ginberg, Washington, D. C., for appellants.

Raymond G. Dunne, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Although there are various assignments of error raised by appellants, they can be grouped under the query as to whether appellees were legally the landlord of appellants, thus entitling them to bring summary proceedings to obtain possession of a certain parcel of land occupied by appellant, Gulf Motors, Inc. This appeal is from a judgment for possession in favor of appellees, which thus answered the question in the affirmative.

William T. Duke and Joseph F. Cooksey leased by written agreement certain unimproved real estate to appellant Max Dubin for a period of two years commencing on May 1, 1952. Among other provisions were the following:

"* * * And Tenant does hereby covenant and agree as follows:

* * * * * *
"21. And in the Event said tenant shall * * * remain in possession * * * at the expiration of the term hereby created, said Tenant shall, by virtue of this agreement, become a tenant by the month * * * subject to all the conditions and covenants of said lease * * * and shall give to the said Landlord at least thirty days' written notice of any intention to remove * * * and shall be entitled to a like notice from Landlord in the event Landlord desires possession of said premises * * *.

"22. It is Further Understood and Agreed, that the covenants, conditions and agreements contained in the within lease * * * are binding on, and may be legally enforced by, the said parties, their heirs, executors, admin-

istrators, successors and assigns, respectively. * * *

* * * * * *
"25. The Tenant is authorized to assign this Lease Agreement to Gulf Motors, Inc., a corporation; Provided, however, that upon such assignment the Tenant shall remain liable under the terms, conditions, and covenants of the Agreement."

During the tenure of this lease, Dubin assigned the lease agreement to appellant, Gulf Motors, Inc., of which he was president.

On June 10, 1954, Duke and Cooksey executed a five-year lease to appellees of certain premises, including the unimproved lot in question, to commence on June 15, 1954, and providing that the lease was subject to the Dubin lease. In this lease to appellees, lessors Duke and Cooksey agreed to assign the Dubin lease to them. In pursuance thereof, simultaneous with the lease instrument, Duke and Cooksey completed an assignment of the Dubin lease transferring to appellees "* * * all our right title and interest in this agreement, and all benefits and advantage to be derived therefrom."

Gulf Motors continued to occupy the premises, and, upon making inquiry through Mr. Dubin as to whom the rent was to be paid, was instructed by Mr. Fenner to continue making their regular monthly payments to the same rental agent as it had heretofore paid. Such payments were made by appellants as instructed for a six-month period. In November 1954 notice to quit was served on Gulf Motors by appellees, designating themselves as assignees of Duke and Cooksey and notifying it to vacate by January 1, 1955. This suit for possession resulted, and the trial court held appellees to be proper parties to serve the notice to quit and file the complaint.

Counsel for appellants argues that the reversionary interest in the property occupied by Gulf Motors is in Duke and Cooksey and that therefore they, and not appellees, are still the landlord; that the

five-year lease given appellees and the assignment of the Dubin lease did not transfer the reversion, nor any part thereof, to appellees; and that appellees merely received an assignment of rents on the Dubin lease. We accept none of these contentions as accurate.

█ As to the reversionary interest, it is clear to us that on making the lease to appellees for the five-year period Duke and Cooksey granted a concurrent lease. This has been defined to be one:

"* * * granted for a term which is to commence before the expiration or other determination of a previous lease of the same premises made to another person, or, in other words, an assignment of a part of the reversion entitling the lessee to all the rents accruing on the previous lease after the date of the lease, and on the remedies as against the tenant under the prior lease as his lessor would have had except for the assignment."[1]

And of the remedies given to a lessee under a concurrent lease there is included the right to "* * * give a valid notice to terminate a periodic tenancy created by the former lease." 1 Tiffany, Landlord and Tenant, § 146(d). Appellees' lease was to commence on June 15, 1954, and at that time Gulf Motors was in lawful possession as a monthly tenant as provided for in the Dubin lease. Therefore, there was the required overlapping of periods necessary to create the landlord and tenant relationship. Cf. United Merchants' Realty & Imp. Co. v. Roth, 122 App.Div. 628, 107 N.Y.S. 511. The necessary reversionary interest being found in appellees, it is our conclusion that appellees' position is further bolstered by D.C.Code 45–932.[2] By this statutory provision the various covenants in the Dubin lease, including those hereinbefore presented, were enforceable by appellees against both appellants.

█ Appellees did not receive a mere assignment of rents, as argued by appellants. An absolute assignment was made to appellees by Duke and Cooksey transferring to them all of their right, title and interest in the agreement, and all benefits and advantages to be derived from that agreement. Cf. Commercial Credit Co. v. Campbell, 64 App.D.C. 64, 74 F.2d 468. The five-year lease was a chattel real[3] and an interest in land.[4] The concurrent lease granted appellees, coupled with the general assignment, entitled appellees to all rents subsequently accruing on the previous lease and all remedies available against a tenant by his landlord.

██ It is recognized that in this jurisdiction an assignee can sue in his own name;[5] and it has been further held on more than one occasion that an outright assignment of a lease empowers the assignee to bring summary proceedings against the occupying tenant in order to obtain possession.[6] There can be no question but that appellees are entitled to possession of the premises, and therefore it is proper for them to avail themselves of the rights provided them by our statute.[7] Ap-

1. 8 Words and Phrases, Concurrent Lease, p. 601; see also 51 C.J.S., Landlord and Tenant, § 258(a).

2. Code 1951, § 45–932: "The grantee or assignee of the reversion of any leased premises shall have the same right of action against the lessee, his personal representatives, heirs, or assigns, for rent or for any forfeiture or breach of any covenant or condition in the lease which the grantor or assignor might have had; * * *."

3. Code 1951, § 45–804.

4. Jacobsen v. Sweeney, 92 U.S.App.D.C. 93, 202 F.2d 461; Isquith v. Athanas, D.C.Mun.App., 33 A.2d 733.

5. Sincell v. Davis, 24 App.D.C. 218; Compton v. Atwell, D.C.Mun.App., 86 A.2d 623; affirmed 93 U.S.App.D.C. 99, 207 F.2d 139.

6. McFarlane v. Kirby, 28 App.D.C. 391; Capital Linoleum Co. v. Savage, D.C. Mun.App., 91 A.2d 564; Zoby v. Kosmadakes, D.C.Mun.App., 61 A.2d 618; Koehne v. Harvey, D.C.Mun.App., 45 A.2d 780.

7. Code 1951, Supp. III, § 11–735: "Whenever any person shall detain possession of real property without right, or after his right to possession shall have ceased, it shall be lawful for the municipal court, on complaint under oath verified

pellees are " * * * the person(s) aggrieved * * *" by the situation as it exists as they are not only entitled to the possession of the premises under the five-year lease, but they are also vested with all of the rights and privileges had by Duke and Cooksey in the Dubin lease, one of which was to terminate the monthly tenancy by giving the appropriate thirty-day notice. See J. & J. Slater, Inc., v. Brainerd, D.C. Mun.App., 43 A.2d 714.

We find no error in the decision of the trial court.

Affirmed.

by the person aggrieved by such detention or by his agent or attorney having knowledge of the facts, to issue a summons to the party complained of to appear and show cause why judgment should not be given against him for the restitution of possession."