**James J. LAKE, Appellant,**

v.

**Ruth E. ANGELO, Appellee.**

No. 2602.

Municipal Court of Appeals for the District of Columbia.

Argued July 11, 1960.

Decided Sept. 13, 1960.

Herman Miller, Washington, D. C., for appellant.

Richard K. Lyon, Washington, D. C., with whom Marshal L. Cole, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

■ This appeal is by Lake from a summary judgment against him for possession of commercial property which he occupied as a hold-over tenant after his three years' written lease had expired. As such hold-over tenant he was one by sufferance[1] and his tenancy was subject to termination on thirty days' notice.[2] His claims of error are essentially two: first, that appellee Angelo was not entitled to bring the possessory action, and second, that service of summons and complaint was defective.

■ His first claim is based on these facts. John Loughran, trustee, was Lake's original landlord. On November 12, 1959, the property was conveyed to Angelo and at the same time there was assigned to her Lake's expired lease. On the following day she gave Lake thirty days' notice to vacate, and when he failed to do so she brought this action. It was conceded that Angelo in taking title to the property acted solely as agent or straw party for Lansburgh Realty Corporation, which was seeking to acquire title to a number of parcels of real estate in the neighborhood. After acquiring title she executed a deed conveying the property to Lansburgh Realty Corporation and delivered it to her attorney, Mr. Lyon, who was also attorney for Lansburgh Realty Corporation.

Appellant contends that because of the facts above stated, Lansburgh Realty Corporation is the real party in interest, and actually holds legal title to the property by operation of our statute of uses;[3] and that Angelo has no standing to bring this action. We find no merit in this contention. If Lansburgh Realty Corporation is the beneficial owner, or even legal owner, of the property, we think under the circumstances here Angelo was entitled to bring this action.[4] Lake was not prejudiced thereby. He could assert any right he had to possession in the suit by Angelo in the same manner and to the same extent that he could have asserted such right if Lansburgh Realty Corporation had brought this suit.

■ Appellant's second point is that the service of the summons and complaint was invalid because when the Marshal went to the place of business to serve appellant, appellant's wife informed him that appellant was not present, and the Marshal handed her the copy of the complaint and summons. Appellant argues that the Marshal should have made a more diligent effort to serve him personally.[5]

The trial court ruled that where the premises involved are business premises and the Marshal finds on the premises the

---

1. Code 1951, § 45–820.

2. Code 1951, § 45–904.

3. Code 1951, § 45–1201.

4. Koehne v. Harvey, D.C.Mun.App., 45 A. 2d 780; Ancher v. Lamb, D.C.Mun.App., 86 A.2d 533; Gulf Motors v. Fenner, D.C.Mun.App., 114 A.2d 543. See also Compton v. Atwell, D.C.Mun.App., 86 A. 2d 623, affirmed, 93 U.S.App.D.C. 99, 207 F.2d 139.

5. Code 1951, § 45–906.

wife of the tenant who is regularly present and is told by her that the tenant is not there, leaving copies with her is substantial compliance with the statute; therefore it was not necessary that the Marshal make a second visit in an attempt to make personal service. We agree.

Appellant has had full opportunity to assert any right he had to remain in possession; but it is apparent he had no such right, and has vainly resorted to technicality and strained reasoning. Summary judgment was properly granted.

Affirmed.