## ROBINSON v. UNITED STATES.

### No. 12926.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1949.

J. Edward Thornton, Mobile, Ala., for appellant.

John H. Tappan, Mobile, Ala., Percy C. Fountain, U. S. Attorney, Mobile, Ala., for appellee.

Before HUTCHESON, McCORD, and RUSSELL, Circuit Judges.

HUTCHESON, Circuit Judge.

When appellant and appellee were here before,[1] their positions were reversed. Then the United States was appealing from findings, that the duty to supply maintenance and cure had not been discharged but still existed, and a judgment allowing maintenance and cure from October 1, 1946, to January 1, 1948.

This time, Robinson, the claimant, appeals from findings, that his condition was incurable, at least by January 7, 1948, and that the duty to supply maintenance and cure no longer existed, and a judgment denying his claim to it for the period from January 1, 1948, to the date of the hearing below.

Here, urging upon us that the former finding and judgment are a bar to the defense that the duty of maintenance and cure had ceased, urged and successfully maintained below, and that, whether so or not, the facts required a finding and judgment contrary to those made below, he insists that the judgment should be here reversed and rendered in his favor.

We do not think so. Indeed, we believe that the correctness of the complained of findings and judgment is supported and foreshadowed by our decision in U. S. v. Robinson, 170 F.2d 578, the decisions in Calmar Steamship Corp., v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993, and Muruaga v. U. S., 2 Cir., 172 F.2d 318, and conclusively settled by the decision of the Supreme Court in Farrell v. U. S. et al., 336 U.S. 511, 69 S.Ct. 707, 710. There the Supreme Court reviewed the origin and rise in the law of the sea of the doctrine of the duty of a ship owner to furnish maintenance and cure. Declaring, "The law of the sea is in a peculiar sense an interna-

---

1. U. S. v. Robinson, 170 F.2d 578.

tional law, but application of its specific rules depends upon acceptance by the United States", the court pointed out that the controlling rule is now embodied in Art. 4, par. 1 of a draft submitted by the General Conference of the International Labor Organization at Geneva to the United States and other states in 1936, and ratified by the Senate and proclaimed by the President as effective for the United States on October 29, 1939, 54 Stat. 1693. This rule provides:

"The ship owner shall be liable to defray the expense of medical care and maintenance until the sick or injured person has been cured, or until the sickness or incapacity has been declared of a permanent character." Saying: "While enactment of this general rule by Congress would seem controlling," the court went on to say: "it is not amiss to point out that the limitation thus imposed was in accordance with the understanding of those familiar with the laws of the sea and sympathetic with the seaman's problems."

Thus the rule of maintenance and cure, which has long been the subject of judicial consideration and debate, beginning with Mr. Justice Story in Harden v. Gordon, C.C., Fed.Cas. No. 6047, and in Reed v. Canfield, C.C., Fed.Cas. No. 11641, and continuing [2] until the Farrell case, has, we think, been finally put beyond discussion and dispute by judicial recognition of authoritative executive and congressional action.

Of appellant's other point, the res judicata of the first judgment, nothing need be said except a reference to the Calmar and the other cases cited above, with particular reference to what is said in the concluding sentence of the opinion of this court in U. S. v. Robinson, supra, in affirming the judgment there appealed from [170 F.2d 583]:

"The trial court was correct in awarding appellee a sum of money sufficient for his maintenance and cure up until the date of the trial in the court below".

The judgment was right. It is affirmed.

2. Other interesting cases which may be cited are The Osceolo, 189 U.S. 158, at page 175, 23 S.Ct. 483, 47 L.Ed. 760;

The Bouker No. 2, 2 Cir., 241 F. 831; Enochasson v. Freeport Sulphur Co., D. C., 7 F.2d 674.