**ABRAMOWITZ v. BRYANT.**

No. 1142.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 10, 1951.

Decided Jan. 24, 1952.

1. Meyer v. Capital Transit Co., D.C.Mun.App., 32 A.2d 392; Gasque v. Saidman, D.C. Mun.App. 44 A.2d 537.

110

(½)

Jacob Sheeskin, Washington, D. C., with whom Jacob S. Levin, Washington, D. C., was on the brief, for appellant.

Charles H. Quimby, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant brought an action against appellee to recover an alleged rent overcharge[1]. The evidence showed that appellant and another had moved into apartment 7 of appellee's building on September 1, 1947, at an agreed rental of $75 a month. Five or six months later, they also became tenants of apartment 8 at a rental of $41 a month. Apartment 8 adjoined apartment 7 and the two apartments were used as one unit, the combined rental being $116 a month, which appellant paid until October 31, 1949. At that time, having discovered that according to Administrator of Rent Control Form 20 filed by appellee the rent ceiling for apartment 7 was only $65, he filed suit to obtain double an alleged overcharge of $10 a month for 26 months.

To prove the rent ceiling, appellant called a representative of the Rent Administrator's office who testified that Administrator of Rent Control Form 20 had been filed in the Administrator's office in which appellee had stated that the rent for apartment 7 as of January 1, 1941, had been $65 a month. Moreover, the witness testified that this rent had never been altered by the Administrator. However, on cross-examination, the witness testified that Ab-

---

1. Code 1940, Supp. VII, § 45-1610(a).

ner Whiteside, appellee's agent, at a hearing before an examiner of the Rent Administrator's office, had previously testified under oath that an error had been made in filing Form 20, and that the rent for apartment 7 as of January 1, 1941, had been $60 a month and $56 a month for apartment 8, or a combined rental of $116 (which was the amount paid by the appellant). This testimony alleging an error in Form 20 was repeated by Whiteside at the trial. Appellant contends that Form 20 was a public record and could not be contradicted by parol evidence.

Another assignment of error relates to the admission of part of the hearing before the rent examiner to show that the witness Whiteside had testified therein to the same effect as at the trial. The admission of evidence relative to the occupancy of apartment 8 is assigned as error, as well as the refusal to admit the answers of a witness to interrogatories submitted by appellant. Finally, appellant contends that the verdict was against the weight of the evidence. We answer each contention separately.

■■■ 1. The first assignment of error relates to the admission of parol evidence to vary the terms of Form 20 filed with the Rent Administrator's office. The court did not err in admitting parol evidence of the mistake in Form 20. This was a statutory cause of action in which the fact in issue was the rent ceiling, and Form 20 was collateral to that issue. Where a writing is collateral to the issue, and where it is offered as evidence of some fact in issue, it may be varied by parol testimony. Fulton R. Gordon, Inc., v. Schram, D.C.Mun.App., 44 A.2d 662.

■■■ 2. Appellant assigns as error the admission of part of the recommended findings of an examiner in the Rent Administrator's office. No part of the recommended findings was admitted as such. What was admitted was so much of the recommended findings that pertained to the mistake made by the witness Whiteside in filing Form 20. And this evidence was ad-

mitted, not for its substance, but as evidence corroborative of Whiteside's testimony at the trial. Generally a witness may not be corroborated by proof that on a previous occasion he said the same thing. Mellon v. United States, 5 Cir., 170 F.2d 583. The admission of corroborative testimony, however, is a matter of discretion with the trial judge,[2] and error will not be predicated on such admission unless prejudice results. The appellant's case was in no way prejudiced here. Moreover, since appellant sought to prove the rent ceiling by Form 20 filed by appellee with the Administrator, we think appellee was entitled to show what other action he had taken before the Administrator on the same subject.

■■■ 3. Appellant also assigns as error the admission of evidence relating to the rental of apartment 8, and the occupancy of apartments 7 and 8 by appellant as one unit at a rent of $116 a month. Since appellant's suit is for a $10 a month overcharge for the rental of apartment 7, he contends that the evidence relative to apartment 8 is irrelevant and not germane to the issue.

While it is true that appellant's suit is based on rent overcharges for apartment 7 only, it is nevertheless a fact, as admitted by appellant in his testimony, that he rented apartments 7 and 8 as one unit. The fact that appellant chose to divide his tenancy and sue for an overcharge on one apartment does not preclude the appellee from establishing the true quantity of the tenancy and the rental for the whole. The fact in issue was whether there had been a rent overcharge. Any evidence tending to show the quantity of the tenancy and its rental was relevant and germane to that issue.

■■■ 4. Appellant assigns as error the refusal to admit the answers to interrogatories submitted to one Helen Seymour. This witness had been a tenant of apartment 8 on January 1, 1941, and by her testimony appellant sought to rebut appellee's testimony that the rent at that time

2. Harvey v. United States, 2 Cir., 23 F.2d 561.

for apartment 8 was $56 a month. In answer to the question as to what rent she paid on January 1, 1941, she replied: "According to a budget record I have, it was $48." And further answering regarding the rent at that and later times, she prefaced her answer by the statement: "As far as I can tell from my sketchy budget record covering the period and my best recollection." The court refused to admit her answer, apparently because by her admission her budget record was "sketchy" and her recollection not too clear. We think the court was in error. A witness has the right to refresh his memory from a proper memorandum [3] and it is apparent that this witness was testifying to the best of her recollection aided by use of her records. If due to lapse of time (about ten years) her recollection was not too clear and if her records were not too complete, such factors went to the weight to be given to her testimony and not to its admissibility.[4] Her answers should have been received and given such weight as the circumstances justified.

▆▆▆▆ 5. The final contention of the appellant is that the verdict was contrary to the weight of the evidence.

The evidence at the trial clearly established that with reference to apartment 7, the rent ceiling as of January 1, 1941, was either $60 or $65. According to Form 20 filed with the Rent Administrator, the ceiling was $65. According to testimony of appellee and his agent, the correct ceiling was $60, an error having been made in filing Form 20.

Since appellee was allowed to testify that the rent ceilings for apartments 7 and 8 were $60 and $56, respectively, such evidence tended to establish that the combined rental was $116. As this was the amount which appellant was charged for the occupancy of the two apartments, he cannot recover for an overcharge to that extent if appellee's evidence be accepted.

However, accepting appellee's evidence that the ceiling for apartment 7 was $60, thereby defeating recovery for the occupancy of apartments 7 and 8 as one unit, such evidence must be accepted with respect to the ceiling for the period during which appellant occupied apartment 7 only. This period was for five or six months. Since the proof established at least five months occupancy at a rental of $75 a month, appellant would be entitled to recover twice the amount of overcharge for that period on appellee's own evidence.

For the reasons stated the judgment must be reversed and a new trial awarded.

Reversed with instructions to award a new trial.

3. Shapiro v. Pennsylvania R. Co., 65 App. D.C. 324, 83 F.2d 581.

4. 20 Am.Jur., Evidence § 256. Cf. Fowel v. Wood, D.C.Mun.App., 62 A.2d 636.